# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| i2 INC., a Delaware corporation, i2 LIMITED, a British limited company registered in England and Wales.<br><br>Plaintiffs,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC., a Delaware Corporation, SHYAM SANKAR, an individual, DR. ASHER SINENSKY, an individual, SRS ENTERPRISES, LLC, a Florida limited liability company and NOCHUR SANKAR, an individual,<br><br>Defendants. | CIVIL ACTION NO. 1:10CV885-LO/JFA |

**PROTECTIVE ORDER**

WHEREAS, Plaintiffs i2 Inc. and i2 Limited (collectively "i2"), and Defendants Palantir Technologies, Inc., Shyam Sankar, Dr. Asher Sinensky, SRS Enterprises, LLC, and Nochur Sankar (collectively "Defendants") are parties to the above-captioned litigation;

WHEREAS, for purposes of this litigation it may be necessary for the parties and non-parties to disclose in the process of discovery and other proceedings in this litigation certain information that may be considered trade secrets, or other confidential or proprietary research, development, technical or commercial information, as well as source code, software processes, and supporting documentation, and disclosure of such confidential and sensitive information to a competitor would be highly damaging to the party disclosing such information in the absence of protective measures;

NOW, THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

IT IS ORDERED THAT the following Protective Order ("Order") shall govern the designation, disclosure, use, and handling of sensitive information and materials disclosed in the course of discovery in this action:

1. <u>Definitions</u>

   (a) <u>As used in this Order, "Discovery Material"</u> means any material produced, filed, or served by any party or person during discovery in this case or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

   (b) <u>As used in this Order, "Protected" Discovery Material</u> means Discovery Material that is designated as "Confidential," "For Litigating Counsel Eyes Only," or "Highly Sensitive Source Code" as defined in Sections 1 (c), 5 and 6, respectively.

   (c) <u>As used in this Order, "Confidential" Discovery Material</u> means Discovery Material that contains non-public proprietary, commercially sensitive and/or otherwise confidential material, including but not limited to financial information, information listing or regarding customers and/or potential customers, information regarding employees, policies, business plans, product or pricing information, marketing information, sales records, sales history, sales strategies, and trade secrets, including but not limited to software design, properties, and functionalities; and Discovery Material that contains private or personal material, including but not limited to documents regarding compensation, profit distributions, tax returns and all information used to compile tax returns.

(d) <u>As used in this Order, "Producing Person"</u> shall mean any party or person that produces Discovery Material to a party in this action.

(e) <u>As used in this Order, "Receiving Party"</u> shall mean any party who receives Discovery Material from a Producing Person.

2. <u>Non-disclosure and use of Protected Discovery Material</u>.

Except with the prior consent of the Producing Person, Protected Discovery Material may not be disclosed in any manner by a Receiving Party, except as provided in this Order, and may not be used by the Receiving Party for any purpose other than in the prosecution or defense of this litigation. Pleadings, motions, affidavits, briefs, exhibits, and other papers filed with the Court by a Receiving Party that contain or disclose Protected Discovery Material shall be protected pursuant to this Order and filed under seal in accordance with Local Rule 5.

3. <u>Use and Disclosure of Confidential Discovery Material</u>.

The Producing Person may designate Discovery Material as Confidential by placing the following legend or similar legend on the document or thing: "Confidential – Subject to Protective Order." In the event that original documents are produced for inspection, the Producing Person may designate such Discovery Material as Confidential and the appropriate legend shall be placed on the documents in the copying process.

(a) Confidential Discovery Material may be disclosed only:

(1) to parties to this case, including to officers, directors, partners, agents, or employees of the parties;

(2) to counsel of record for the parties to this action;

(3) to the third party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs

for handling of data connected with this case, including the performance of such duties in relation to a computerized litigation support system, other non-legal professionals, and staff employed by any person described in subparagraph (2) to the extent reasonably necessary to render professional services;

      (4)    to the Court and court officials involved in this case (including court reporters or persons operating video equipment at depositions), in accordance with Local Rule 5;

      (5)    to any person designated by the Court upon such terms as the Court may deem proper;

      (6)    to witnesses at deposition, but only to the extent reasonably necessary to examine such witnesses at deposition;

      (7)    to witnesses in preparation for deposition, but only to the extent reasonably necessary to prepare such witnesses for deposition;

      (8)    to witnesses in connection with a witness interview, but only to the extent reasonably necessary to conduct the interview;

      (9)    in accordance with Paragraph 4 of this Order, to outside consultants or experts utilized for the purpose of assisting counsel in this case; and

      (10)    to the person or entity that produced or originally created the Discovery Material or any indicated author or recipient of the material.

      (b)    Before disclosure of any Confidential Discovery Material is made to any person described in subparagraphs (7), (8) or (9) of Paragraph 3(a) of this Order, such person shall agree to be bound by the terms of this Order by executing an undertaking in the form attached hereto as Exhibit A.

(c) The parties shall take reasonable precautions to maintain the confidentiality of items, documents, or information designated as Confidential Discovery Material, or to seal such items, documents, or information from public view consistent with the intent and spirit of this Agreement.

4. Designation of and Review by Independent Experts.

(a) Before any disclosure of Protected Discovery Material of another party to an independent expert, the Receiving Party shall serve on the Producing Person a written notice containing the name, address, present employer, and curriculum vitae of any expert proposed to receive the Protected Discovery Material. The notice must include any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party, and any past or present involvement in research, development, or manufacture of software products or services directed at national security, or national intelligence uses. The proposed expert or consultant shall execute an undertaking in the form attached hereto as Exhibit A, and such executed undertaking shall be included with the notice described hereinabove. Unless the Producing Person notifies the Receiving Party in writing of its objection to the proposed expert within three (3) calendar days after receipt of the information, such expert shall thereafter be deemed qualified to receive Protected Discovery Material.

(b) If the Producing Person objects to the disclosure of Protected Discovery Material to the proposed expert, the Producing Person shall notify the Receiving Party in writing of such objection and the grounds therefore within three (3) calendar days of receiving the required notice under section 3(a), and if such objection is not resolved on an informal basis, the Producing Person will have seven (7) calendar days from receipt of the notice identifying the

proposed expert to submit such objection to the Court for a ruling, and the disclosure of Protected Discovery Material to such expert shall be withheld pending the ruling of the Court.

5. Designation As "For Litigating Counsel Eyes Only"

Protected Discovery Material that is particularly sensitive in that it consists of trade secrets, confidential technical research and development, proprietary know-how, testing and test results, commercial or financial information (e.g., confidential financial and sales information, confidential marketing plans, confidential customer identity and "contact" persons, and similar information) may be further restricted by designating such information as "For Litigating Counsel Eyes Only" if trial counsel for the Producing Person reasonably and in good faith believes that disclosure of such information is likely to have the effect of harming the competitive position of such Producing Person.  The Producing Person may designate such particularly sensitive Protected Discovery Material by placing the following legend or similar legend on the document or thing:  "Confidential – For Litigating Counsel Eyes Only."  Except upon further order of the Court or by express written consent of counsel for the Producing Person, disclosure of documents, things, and testimony designated "For Litigating Counsel Eyes Only," shall be restricted by the Receiving Party solely to persons identified in Section 3(a) (2), (3), (4), (5), (9), and (10) hereof. The parties shall take reasonable precautions to maintain the confidentiality of items, documents, or information marked "For Litigating Counsel Eyes Only" or to seal such items, documents, or information from public view consistent with the intent and spirit of this agreement.

6. Designation and Review of Source Code.

The Parties recognize that source code is particularly sensitive and non-public information and therefore requires extra protection through the discovery process.  Each

Producing Person shall have the right to designate any computer source code, and copies thereof, as "Highly Sensitive Source Code." Information, documents, and things so designated may be disclosed only to such persons as are designated under Section 3(a) (2), (4), and (9) and shall be subject to the following additional restrictions and provisions:

(a) Any printed copies of materials designated Highly Sensitive Source Code shall be limited to only those portions of the materials for which a printed copy is needed at the time of printing for the purposes of the litigation. Any printed copies, including any photocopies, shall be printed on red color paper and each page shall be marked "Highly Sensitive Source Code." The parties shall take reasonable precautions to maintain the confidentiality of printed copies of information designated "Highly Sensitive Source Code," or to seal such items, documents, or information from public view consistent with the intent and spirit of this agreement; and

(b) A Receiving Party that makes printed copies of materials designated Highly Sensitive Source Code shall maintain a log that reflects (i) the portion of the materials designated Highly Sensitive Source Code that was printed; (ii) the date on which such material was printed; and (iii) the identity of the person authorized to have access to materials designated Highly Sensitive Source Code who authorized the printing. The Receiving Party shall only be required to disclose to the Producing Person who produced the Highly Sensitive Source Code such contents of the log (i) that the Court may order to be disclosed upon an appropriate motion made to the Court by the Producing Person, giving due regard to the provisions of Rule 26(b)(4)(B), or (ii) that constitute information subject to disclosure under Federal Rule of Civil Procedure 26(a)(2). Following conclusion of this litigation (including any appeals), the Receiving Party shall provide the Producing Person with the entire log; and

(c) Highly Sensitive Source Code materials are to be produced in electronic form (i.e. the electronic form in which they are kept in the ordinary course of the Producing Person's business) and may be loaded and maintained on a maximum of two (2) computers at the offices of counsel of record for the Producing Person, or a maximum of two (2) computers at the offices of a source code escrow agent that executes an undertaking in the form of Exhibit A, provided that each computer (i) is accessible only by persons authorized under this Order to see Highly Sensitive Source Code materials, (ii) is at all times a stand-alone, non-networked, password-protected computer terminal, and (iii) is disabled from having external storage devices attached to it.  Nothing in this Order shall prevent a person authorized under this Order to have access to Highly Sensitive Source Code from utilizing source code analysis tools such as "Visual Slick Edit," "Source Insight," or other scripts and tools used for source code analysis, as well as emulator tools such as "MKS Toolkit," "Cygwin" and "TrueCrypt," provided that the use of such tools shall only be conducted on computers that comply with this Section 6(c).  In order to ensure the security of the Highly Sensitive Source Code, the programs and tools that the Receiving Party wishes to use shall be loaded onto the computer prior to loading any Highly Sensitive Source Code being made available on that computer.  If the Receiving Party wishes to have additional software or tools loaded onto the computer at a later date, the Highly Sensitive Source Code will first be removed from the computer, the new software or tools added, and the Highly Sensitive Source Code may then be restored to the computer.  The parties shall use reasonable efforts to facilitate the loading of such tools in a manner that minimizes cost and serves the purposes of discovery.  At the termination of the litigation as set forth in Section 14, below, the tools utilized by the Receiving Party and loaded onto the computers containing the Producing Person's Highly Sensitive Source Code shall not be retained by the Producing Person or its

counsel. The Receiving Party shall have the option to choose whether to review the Highly Sensitive Source Code in electronic form at the offices of a source code escrow agent, or at the offices of counsel for the Producing Person. The Receiving Party shall choose the escrow agent for purposes of this paragraph, subject to the agreement of the Producing Person; provided that the agreement of the Producing Person shall not unreasonably be withheld, and, if agreement cannot be reached, Receiving Party shall have the right to seek an order from the Court, upon a showing of good cause, compelling the Producing Person to consent to the Receiving Party's choice of escrow agent.

7. <u>Designating Deposition Testimony</u>.

Parties and deponents may, within twenty (20) calendar days after receiving the official transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential or For Litigating Counsel Eyes Only to the extent the party or deponent believes they contain Protected Discovery Material. Until the expiration of the 20-day period during which designations may be made, the entire deposition will be treated as Litigating Counsel Eyes Only. If a designation is made, those portions and exhibits, when filed with the Court, shall be filed by first submitting a motion to seal pursuant to Local Civil Rule 5, separate from the portions and exhibits not so designated (if any). If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same status, and filed with the Court in the same manner.

8. <u>Challenging a Designation</u>.

A Receiving Party may make a motion or other appropriate application to the Court to strike the designation assigned to Protected Discovery Material. Such motion or application

shall identify with specificity the Protected Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material unless the party files a motion to seal documents disclosing the designated Protected Discovery Material pursuant to Local Civil Rule 5. For purposes of such a motion, the Producing Person shall have the burden of establishing that the Discovery Material is entitled to the challenged designation. If such a motion or application is made, all Discovery Material designated as Protected Discovery Material shall retain its designated status pending a determination by the Court as to its appropriate status. Prior to challenging a designation, the Receiving Party shall make reasonable efforts to meet and confer with the Producing Person to resolve any dispute over the designation or treatment of Discovery Material.

        9.     <u>Inadvertent Failure to Designate or Withhold</u>.

        (a)     If a Producing Person inadvertently produces Protected Discovery Material without marking it with the appropriate legend, it may give written notice that the Discovery Material is Confidential, For Litigating Counsel Eyes Only, or Highly Sensitive Source Code and it shall thereafter be treated as such by the Receiving Party. No party shall be deemed to have violated this Order if, before receiving notification of the Protected designation, such Discovery Material has been disclosed or used in a manner inconsistent with the Protected designation.

        (b)     If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel to, any claim of privilege, work product or other ground for withholding production to which the Producing Person would otherwise be entitled.

If the Producing Person makes a claim of inadvertent production with respect to information then in the custody of one or more Receiving Parties, any such Receiving Party shall promptly return the information to the Producing Person and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal pursuant to Local Rule 5).  The Receiving Party may then move the Court for an order compelling production of the material, which shall be filed under seal pursuant to Local Rule 5, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

10. Patent Prosecution Bar.

No employee, officer, director, consultant, agent or attorney of a Receiving Party, including without limitation any litigation consultant or expert witness of a Receiving Party, who reviews any materials designated by the Producing Person as Litigation Counsel's Eyes Only or Highly Sensitive Source Code shall participate in the prosecution of any patent or patent application before any domestic or foreign patent office on behalf of the Receiving Party, until the expiration of two years after the final conclusion of this action (including any appeals).  For purposes of this provision, "participate in the prosecution of any patent or patent application" shall include any proceeding by which a party communicates with a domestic or foreign patent office for purpose of allowance of any patent claims, including without limitation defense of patents in reexamination or reissue proceedings.

11. Protected Discovery Materials at Trial.

The parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Protected Discovery Material at trial.  To the extent the parties fail to agree on a

proposal addressing the use of such material at trial, they may submit alternative proposals to the Court.

    12.    <u>Further Requests for Production</u>.

If, at any time, any Protected Discovery Material in the possession, custody or control of any person other than the Producing Person(s) is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall reasonably provide written notice to the Producing Person(s), and the person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to the Producing Person(s) opposing the request for production of such documents or materials. Other than the obligation to comply with the requirements stated herein, this Order shall not affect any person's obligation to respond to such a subpoena or request.

    13.    <u>Termination</u>.

The provisions of this Order shall continue to be binding after final termination of this case. Within one hundred and twenty (120) calendar days after final conclusion of all aspects of this case including any appeals, any party or person who received documents or materials designated as Protected Discovery Material must, at the option of the Producing Person, (i) return such documents and materials to the Producing Person or (ii) certify in writing to counsel to the Producing Person that he or she has destroyed (other than counsel's copies of exhibits filed under seal with the Court and counsel's file copies of papers prepared in connection with, e.g., pleadings, court papers and other papers served in this case) those documents and materials and the portions of all other material containing such Protected information. Notwithstanding

anything contained herein to the contrary, counsel shall be permitted to retain copies of court papers and other papers served in connection with this case, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Protected documents or Discovery Materials.

14. <u>Modification Permitted</u>.

Nothing herein shall prejudice the right of any Receiving Party to move to amend or modify this Order to permit the disclosure or use of Discovery Material produced or otherwise disseminated pursuant hereto for good cause shown and where the proposed disclosure is in the interest of justice.

15. <u>Application to Non-Parties</u>.

Any non-party producing Discovery Materials or giving deposition testimony in this case may avail herself, himself or itself of the protections provided for in this Order for her, his or its testimony and Discovery Material by following the procedures provided herein.

16. <u>Producing Person's Use of its Own Documents</u>.

Nothing in this Order shall limit any Producing Person's use of its own documents or shall prevent any Producing Person from disclosing its own Protected Discovery Material to any person. Such disclosures shall not affect any Confidential, For Litigating Counsel Eyes Only, or Highly Sensitive Source Code designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

17. <u>No Waiver</u>.

This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.

18. <u>Binding Effect</u>.

This Order shall be binding on the parties and any person executing an undertaking in the form of Exhibit A once it is signed by the Court.

SO ORDERED this ___ day of _____, 2010.

_____
Hon. John F. Anderson
United States Magistrate Judge

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order issued by the United States District Court for the Eastern District of Virginia in the case of i2, Inc., et al. v. Palantir Technologies, Inc. et al, Case No. 1:10cv885-LO/JFA. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any Protected Discovery Material subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Printed Name: _____

Address: _____

Present Employer: _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

887015 v3/HN