**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| |
|---|
| i2 INC., et al.,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>PALANTIR TECHNOLOGIES, INC., et al.,<br><br>        *Defendants*. |

Civil Action No. 1:10cv885 (LO/JFA)

## SRS DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Nochur Sankar and SRS Enterprises, LLC[1] ("SRS") (collectively, the "SRS Defendants"), by counsel and pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, files this answer and asserts its affirmative defenses to the complaint ("Complaint") filed by Plaintiffs in this action.

## ANSWER

For its answer, the SRS Defendants state as follows:

### Introduction

1.    Nochur Sankar denies that he engaged in any of the alleged activity.  The SRS Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 1.  The SRS Defendants deny the allegations in Paragraph 1 and demand strict proof thereof insofar as they apply to them.

---

[1]    SRS makes this answer based on its current managing member's personal knowledge of the facts alleged by Plaintiff.  SRS is without sufficient information to determine the personal knowledge of Shyam Sankar, one of its previous members, and therefore is unable to admit or deny allegations herein concerning alleged conduct of Shyam Sankar.

2.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 2.  Therefore, the SRS Defendants deny the allegations in Paragraph 2 and demand strict proof thereof.

3.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3.  Therefore, the SRS Defendants deny the allegations in Paragraph 3 and demand strict proof thereof.

4.      The SRS Defendants admit that SRS is a company set up by Shyam Sankar's father, Nochur Sankar.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 4.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 4 and demand strict proof thereof.

5.      Nochur Sankar denies that he fraudulently obtained any i2 licenses at any time. The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5.  Therefore, the SRS Defendants deny the allegations in Paragraph 5 and demand strict proof thereof.

6.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 6.  Therefore, the SRS Defendants deny the allegations in Paragraph 6 and demand strict proof thereof.

7.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7.  Therefore, the SRS Defendants deny the allegations in Paragraph 7 and demand strict proof thereof.

8.      Nochur Sankar denies that he wrongfully obtained any i2 licenses at any time. The SRS Defendants are without sufficient information to either admit or deny any remaining

allegations contained in Paragraph 8.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 8 and demand strict proof thereof.

9.      The SRS Defendants admit that Shyam Sankar is employed by Palantir and Ravi Sankar, Shyam Sankar's younger brother, was an intern at Palantir.   The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 9.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 9 and demand strict proof thereof.

10.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 10.   Therefore, the SRS Defendants deny the allegations in Paragraph 10 and demand strict proof thereof.

11.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 11.   Therefore, the SRS Defendants deny the allegations in Paragraph 11 and demand strict proof thereof.

<u>Parties</u>

12.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 12.   Therefore, the SRS Defendants deny the allegations in Paragraph 12 and demand strict proof thereof.

13.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 13.   Therefore, the SRS Defendants deny the allegations in Paragraph 13 and demand strict proof thereof.

14.      The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 14.   Therefore, the SRS Defendants deny the allegations in Paragraph 14 and demand strict proof thereof.

15.     The SRS Defendants admit that Defendant SRS Enterprises, LLC is a Florida Limited Liability Company with a registered address of 2336 Rye Grass Lane, Oviedo, Florida. The SRS Defendants also admit that the LLC was formed by Nochur Sankar and its original members were Nochur Sankar and Girija Sankar.  The SRS Defendants further admit that the current managing member of SRS is Nochur Sankar.  The SRS Defendants also admit that there is no legal entity called "SAS Enterprises" that is an affiliate of the SRS Defendants.  The SRS Defendants deny that Shyam Sankar and Ravi Sankar are current managing members (or partners) of SRS, and deny that SRS conducts no legitimate business operations.  Nochur Sankar denies that he engaged in any fraudulent activity.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 15. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 15 and demand strict proof thereof.

16.     The SRS Defendants admit that Shyam Sankar is an individual who resides in Palo Alto, California and is an employee of Palantir.  The SRS Defendants also admit that Shaym Sankar was a member of SRS beginning in 2004, but deny that he remains a member. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 16.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 16 and demand strict proof thereof.

17.     The SRS Defendants admit that Nochur Sankar is an individual who resides at 2336 Rye Grass Lane, Oviedo, Florida.  The SRS Defendants further admit that Nochur Sankar is the father of Shyam Sankar and Ravi Sankar.  The SRS Defendants further admit that all times relevant hereto, Nochur Sankar was a managing member of SRS.  The SRS Defendants deny all remaining allegations contained in Paragraph 17.

18.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 18.  Therefore, the SRS Defendants deny the allegations in Paragraph 18 and demand strict proof thereof.

19.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 19.  Therefore, the SRS Defendants deny the allegations in Paragraph 19 and demand strict proof thereof.

20.     The SRS Defendants deny the allegations contained in Paragraph 20.

<u>General Allegations</u>

21.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 21.  Therefore, the SRS Defendants deny the allegations in Paragraph 21 and demand strict proof thereof.

22.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 22.  Therefore, the SRS Defendants deny the allegations in Paragraph 22 and demand strict proof thereof.

23.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 23.  Therefore, the SRS Defendants deny the allegations in Paragraph 23 and demand strict proof thereof.

24.     The SRS Defendants admit that the address for SRS is 2336 Rye Grass Lane, Oviedo, Florida.  The SRS Defendants further admit that this is the registered address of SRS, and that it is also the address of Nochur Sankar, and that SRS is "a real business."  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 24.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 24 and demand strict proof thereof.

25.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 25.  Therefore, the SRS Defendants deny the allegations in Paragraph 25 and demand strict proof thereof.

26.     The SRS Defendants admit that Nochur Sankar's home address is 2336 Rye Grass Lane, Oviedo, Florida.  The SRS Defendants further admit that no entity named "SAS Enterprises, Inc." has an address of 2336 Rye Grass Lane, Oviedo, Florida.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 26.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 26 and demand strict proof thereof.

27.     The SRS Defendants admit that SRS received a package from i2 after April 13, 2006, at 2336 Rye Grass Lane, Oviedo, Florida.  Nochur Sankar, managing member of SRS, never opened the i2 package, and delivered it to Shyam Sankar, a member of SRS at that time, in California.  The SRS Defendants further admit that Nochur Sankar used an American Express credit card issued to SRS' predecessor, SGS Enterprises, to pay for the i2 software.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 27.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 27 and demand strict proof thereof.

28.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 28.  Therefore, the SRS Defendants deny the allegations in Paragraph 28 and demand strict proof thereof.

29.     Nochur Sankar denies that he contacted i2 in May or early June 2006 for any reason.  The SRS Defendants are without sufficient information to either admit or deny the

allegations contained in Paragraph 29. Therefore, the SRS Defendants deny the allegations in Paragraph 29 and demand strict proof thereof.

30. Nochur Sankar denies that he ever entered into any license agreement with i2 for any reason, or that he handwrote any names on any i2 contracts. The SRS Defendants admit that Nochur Sankar's home address is 2336 Rye Grass Lane, Oviedo, Florida. The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 30. Therefore, the SRS Defendants deny the allegations in Paragraph 30 and demand strict proof thereof.

31. The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31. Therefore, the SRS Defendants deny the allegations in Paragraph 31 and demand strict proof thereof.

(a) The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(a). Therefore, the SRS Defendants deny the allegations in Paragraph 31(a) and demand strict proof thereof.

(b) The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(b). Therefore, the SRS Defendants deny the allegations in Paragraph 31(b) and demand strict proof thereof.

(c) The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(c). Therefore, the SRS Defendants deny the allegations in Paragraph 31(c) and demand strict proof thereof.

(d) The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(d). Therefore, the SRS Defendants deny the allegations in Paragraph 31(d) and demand strict proof thereof.

(e)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(e).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(e) and demand strict proof thereof.

(f)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(f).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(f) and demand strict proof thereof.

(g)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(g).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(g) and demand strict proof thereof.

(h)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(h).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(h) and demand strict proof thereof.

(i)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(i).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(i) and demand strict proof thereof.

(j)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(j).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(j) and demand strict proof thereof.

(k)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31(k).   Therefore, the SRS Defendants deny the allegations in Paragraph 31(k) and demand strict proof thereof.

32.     Nochur Sankar denies that he engaged in any fraudulent activity at any time as alleged. The SRS Defendants are without sufficient information to either admit or deny any

remaining allegations contained in Paragraph 32. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 32 and demand strict proof thereof.

33.     The SRS Defendants deny the allegations contained in Paragraph 33.

34.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 34. Therefore, the SRS Defendants deny the allegations in Paragraph 34 and demand strict proof thereof.

35.     Nochur Sankar denies that he engaged in any of the alleged activity. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 35. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 35 and demand strict proof thereof.

36.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 36. Therefore, the SRS Defendants deny the allegations in Paragraph 36 and demand strict proof thereof.

37.     The SRS Defendants deny that SRS was a shell entity with no business operations. Nochur Sankar denies that he ever entered into any license agreement with i2 or engaged in any of the alleged activities. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 37. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 37 and demand strict proof thereof.

38.     Nochur Sankar denies that he engaged in any of the alleged activity. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 38. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 38 and demand strict proof thereof.

39.     Nochur Sankar denies that he engaged in any of alleged activity.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 39.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 39 and demand strict proof thereof.

40.     Nochur Sankar denies that he engaged in any of alleged activity.  The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 40.  Therefore, the SRS Defendants deny the allegations in Paragraph 40 and demand strict proof thereof.

Jurisdiction and Venue

41.     The SRS Defendants admit that this Court has federal subject matter jurisdiction on the facts alleged by i2.  The SRS Defendants deny any and all liability under the claims asserted in this action.

42.     The SRS Defendants admit that this Court has federal subject matter jurisdiction on the facts alleged by i2.  The SRS Defendants deny any and all liability under the claims asserted in this action.

43.     The SRS Defendants deny that this Court had personal jurisdiction over Nochur Sankar or SRS when the lawsuit was filed.  The SRS Defendants deny venue was proper in this district as it relates to the SRS Defendants when the lawsuit was filed.

44.     The SRS Defendants deny the allegations contained in Paragraph 44.

45.     The SRS Defendants deny that this Court had personal jurisdiction over Nochur Sankar or SRS when the lawsuit was filed.  The SRS Defendants deny venue was proper in this district as it relates to the SRS Defendants when the lawsuit was filed.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in

Paragraph 45. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 45 and demand strict proof thereof.

Claim I
(Fraud and Conspiracy to Commit Fraud)
(Against Palantir, Shyam Sankar, SRS Enterprises and Nochur Sankar)

46.     The SRS Defendants reallege and incorporate herein their answers to Paragraph 1 through 45, inclusive.

47.     Nochur Sankar denies that he engaged in any of the alleged activity. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 47. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 47 and demand strict proof thereof.

48.     The SRS Defendants admit that SRS has never performed any commercial fraud investigations. The SRS Defendants deny that it had no operations of any kind at the time at issue in this lawsuit. The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 48. Therefore, the SRS Defendants deny the allegations in Paragraph 48 and demand strict proof thereof.

49.     Nochur Sankar denies that he entered into any license agreement with i2, nor did he solicit the purchase of i2 software. The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 49. Therefore, the SRS Defendants deny the allegations in Paragraph 49 and demand strict proof thereof.

50.     Nochur Sankar denies that he entered into any license agreement with i2, nor did he solicit the purchase of i2 software. The SRS Defendants deny that SRS is a shell company. The SRS Defendants are without sufficient information to either admit or deny any remaining

allegations contained in Paragraph 50.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 50 and demand strict proof thereof.

51.     Nochur Sankar denies that he was engaged in a conspiracy to commit any wrongful conduct.   The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 51.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 51 and demand strict proof thereof.

52.     Nochur Sankar denies that he made any of the alleged representations to i2 at any time.   The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 52.   Therefore, the SRS Defendants deny the allegations in Paragraph 52 and demand strict proof thereof.

53.     Nochur Sankar denies that he caused i2 any damage.   The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 53.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 53 and demand strict proof thereof.

54.     The SRS Defendants deny the allegations contained in Paragraph 54.

<u>Claim II</u>
(Breach of Contract)
(Against SRS Enterprises, and Alter Ego defendants Shyam Sankar and Nochur Sankar)

55.     The SRS Defendants reallege and incorporate herein their answer to Paragraph 1 through 54, inclusive.

56.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56.   Therefore, the SRS Defendants deny the allegations in Paragraph 56 and demand strict proof thereof.

(a)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(a).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(a) and demand strict proof thereof.

(b)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(b).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(b) and demand strict proof thereof.

(c)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(c).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(c) and demand strict proof thereof.

(d)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(d).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(d) and demand strict proof thereof.

(e)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(e).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(e) and demand strict proof thereof.

(f)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(f).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(f) and demand strict proof thereof.

(g)     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(g).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(g) and demand strict proof thereof.

(h)    The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(h).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(h) and demand strict proof thereof.

(i)    The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56(i).   Therefore, the SRS Defendants deny the allegations in Paragraph 56(i) and demand strict proof thereof.

57.    Nochur Sankar denies that he entered into any license agreements with i2 at any time.   The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 57.   Therefore, the SRS Defendants deny the allegations in Paragraph 57 and demand strict proof thereof.

58.    Nochur Sankar denies that he breached any license, because he never entered into any license agreement with i2.   The SRS Defendants deny that SRS was a shell entity with no business operations.   The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 58.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 58 and demand strict proof thereof.

59.    Nochur Sankar denies that he caused i2 any damage.   The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 59.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 59 and demand strict proof thereof.

60.    Nochur Sankar denies that he caused i2 any harm.   The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 60.   Therefore, the SRS Defendants deny any remaining allegations in Paragraph 60 and demand strict proof thereof.

<u>Claim III</u>
(Misappropriation Of Trade Secrets)
(Against All Defendants)

61.     The SRS Defendants reallege and incorporate herein their answer to Paragraph 1 through 60, inclusive.

62.     Nochur Sankar denies that he misappropriated any i2 information.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 62.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 62 and demand strict proof thereof.

63.     Nochur Sankar denies that he engaged in any fraud or deception.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 63.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 63 and demand strict proof thereof.

64.     Nochur Sankar denies that he has expressly acknowledged that the software and related documentation constitute trade secrets.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 64.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 64 and demand strict proof thereof.

65.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 65.  Therefore, the SRS Defendants deny the allegations in Paragraph 65 and demand strict proof thereof.

66.     Nochur Sankar denies that he acquired any trade secrets using improper and unlawful means, or that he conspired with any defendants to further any wrongful conduct.  The SRS Defendants are without sufficient information to either admit or deny any remaining

allegations contained in Paragraph 66. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 66 and demand strict proof thereof.

67.     The SRS Defendants deny that they have used any i2 trade secrets. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 67. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 67 and demand strict proof thereof.

68.     The SRS Defendants deny that they are causing i2 any immediate or irreparable harm for which there is no adequate remedy at law. The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 68. Therefore, the SRS Defendants deny the allegations in Paragraph 68 and demand strict proof thereof.

69.     Nochur Sankar denies that he caused i2 any damage. The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 69. Therefore, the SRS Defendants deny any remaining allegations in Paragraph 69 and demand strict proof thereof.

70.     The SRS Defendants deny the allegations contained in Paragraph 70.

71.     Nochur Sankar denies that he engaged in any of the activities alleged. The SRS Defendants deny the allegations in Paragraph 60 and demand strict proof thereof.

Claim IV
(Copyright Infringement – 17 U.S.C. §§ 501 et seq.)
(Against All Defendants)

72.     The SRS Defendants reallege and incorporate herein their answer to Paragraph 1 through 71, inclusive.

73.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 73.  Therefore, the SRS Defendants deny the allegations in Paragraph 73 and demand strict proof thereof.

74.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 74.  Therefore, the SRS Defendants deny the allegations in Paragraph 74 and demand strict proof thereof.

75.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 75.  Therefore, the SRS Defendants deny the allegations in Paragraph 75 and demand strict proof thereof.

76.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 76.  Therefore, the SRS Defendants deny the allegations in Paragraph 76 and demand strict proof thereof.

77.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 77.  Therefore, the SRS Defendants deny the allegations in Paragraph 77 and demand strict proof thereof.

78.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 78.  Therefore, the SRS Defendants deny the allegations in Paragraph 78 and demand strict proof thereof.

79.     The SRS Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 79.  Therefore, the SRS Defendants deny the allegations in Paragraph 79 and demand strict proof thereof.

80.     Nochur Sankar denies that he has engaged in any of the conduct alleged in Paragraph 80.  The SRS Defendants are without sufficient information to either admit or deny

any remaining allegations contained in Paragraph 80.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 80 and demand strict proof thereof.

81.    The SRS Defendants need not answer whether Nochur Sankar is licensed or authorized by i2 to use the alleged Copyrighted Works because that allegation is a legal conclusion.  SRS is without sufficient information to either admit or deny any remaining allegations contained in Paragraph 81.  Therefore, SRS denies any remaining allegations in Paragraph 81 and demand strict proof thereof.

82.    The SRS Defendants deny the allegations contained in Paragraph 82.

83.    The SRS Defendants deny the allegations contained in Paragraph 83.

84.    The SRS Defendants deny that they infringed any of i2's copyrights.  Therefore, the SRS Defendants deny the allegations in Paragraph 84 and demand strict proof thereof.

85.    The SRS Defendants deny that i2 is entitled to an injunction restraining them from doing anything.  Therefore, the SRS Defendants deny the allegations in Paragraph 85 and demand strict proof thereof.

86.    The SRS Defendants deny that i2 is entitled to recover damages or attorneys' fees from them.  Therefore, the SRS Defendants deny the allegations in Paragraph 86 and demand strict proof thereof.

87.    The SRS Defendants deny that i2 is entitled to recover damages from them. Therefore, the SRS Defendants deny the allegations in Paragraph 87 and demand strict proof thereof.

88.    The SRS Defendants deny the allegations contained in Paragraph 88.

Claim V
(Contributory Copyright Infringement)
(Against Defendants SRS Enterprises LLC, Shyam Sankar, and Nochur Sankar)

89.     The SRS Defendants reallege and incorporate herein their answer to Paragraph 1

through 88, inclusive.

90.     Nochur Sankar denies that he engaged in the conduct alleged.    The SRS

Defendants are without sufficient information to either admit or deny any remaining allegations

contained in Paragraph 90.  Therefore, the SRS Defendants deny any remaining allegations in

Paragraph 90 and demand strict proof thereof.

91.     Nochur Sankar denies that he engaged in the conduct alleged.    The SRS

Defendants are without sufficient information to either admit or deny any remaining allegations

contained in Paragraph 91.  Therefore, the SRS Defendants deny any remaining allegations in

Paragraph 91 and demand strict proof thereof.

92.     Nochur Sankar denies that he caused i2 any irreparable injury.    The SRS

Defendants are without sufficient information to either admit or deny any remaining allegations

contained in Paragraph 92.  Therefore, the SRS Defendants deny any remaining allegations in

Paragraph 92 and demand strict proof thereof.

93.     Nochur Sankar denies that he engaged in the conduct alleged.    The SRS

Defendants deny that i2 is entitled to recover any damages or attorneys' fees from them.

Therefore, the SRS Defendants deny the allegations in Paragraph 93 and demand strict proof

thereof.

94.     The SRS Defendants deny the allegations contained in Paragraph 94.

<u>Claim VI</u>
(Civil RICO – Violation of Title 18 United States Code Section 1962(c))
(Against All Defendants)

95.     The SRS Defendants reallege and incorporate herein their answer to Paragraph 1 through 94, inclusive.

96.     The SRS Defendants admit the allegations contained in Paragraph 96.

97.     The SRS Defendants deny the allegations contained in Paragraph 97.

98.     The SRS Defendants deny the allegations contained in Paragraph 98.

99.     The SRS Defendants deny the allegations contained in Paragraph 99.

100.    The SRS Defendants deny the allegations contained in Paragraph 100.

101.    The SRS Defendants deny the allegations contained in Paragraph 101.

102.    The SRS Defendants deny the allegations contained in Paragraph 102.

103.    The SRS Defendants deny the allegations contained in Paragraph 103.

104.    The SRS Defendants deny the allegations contained in Paragraph 104.

105.    The SRS Defendants deny the allegations contained in Paragraph 105.

106.    The SRS Defendants deny the allegations contained in Paragraph 106.

107.    The SRS Defendants deny the allegations contained in Paragraph 107.

108.    SRS admits that it received several i2 packages from 2006 to 2010.  Nochur Sankar denies that he received any i2 packages in his personal capacity ever.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 108.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 108 and demand strict proof thereof.

109.    Nochur Sankar denies that he participated in any of the alleged conduct.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations

contained in Paragraph 109.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 109 and demand strict proof thereof.

110.    Nochur Sankar denies that he participated in any of the alleged conduct.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 110.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 110 and demand strict proof thereof.

111.    Nochur Sankar denies that he participated in any of the alleged conduct.  The SRS Defendants are without sufficient information to either admit or deny any remaining allegations contained in Paragraph 111.  Therefore, the SRS Defendants deny any remaining allegations in Paragraph 111 and demand strict proof thereof.

112.    The SRS Defendants deny the allegations contained in Paragraph 112.

113.    The SRS Defendants deny the allegations contained in Paragraph 113.

114.    The SRS Defendants deny the allegations contained in Paragraph 114.

115.    The SRS Defendants deny the allegations contained in Paragraph 115.

116.    The SRS Defendants deny the allegations contained in Paragraph 116.

<u>Claim VII</u>
(Conspiracy To Injure Another In Trade Or Business (Va. Code §§ 18.2-499(A) & 500))
(Against Defendants Palantir, Shyam Sankar, Nochur Sankar and Dr. Asher Sinesky)

117.    The SRS Defendants reallege and incorporate herein their answer to Paragraph 1 through 116, inclusive.

118.    The SRS Defendants admit that the managing member of SRS at the relevant time was Nochur Sankar.  Nochur Sankar denies that he engaged in the conduct alleged.  The SRS Defendants deny any remaining allegations in Paragraph 118 and demand strict proof thereof.

119.    The SRS Defendants deny the allegations contained in Paragraph 119.

120.    The SRS Defendants deny the allegations contained in Paragraph 120.

121.    The SRS Defendants deny the allegations contained in Paragraph 121.

AFFIRMATIVE DEFENSES

The SRS Defendants, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, assert the following affirmative defenses in this action:

1.    SRS is not the alter ego of Nochur Sankar or Shyam Sankar, and, as a result, Nochur Sankar cannot be held individually liable to Plaintiffs in this action.

2.    SRS cannot be held liable for any conduct of any member who acted *ultra vires*.

3.    Plaintiffs' restrictions at issue in the license agreements are unenforceable as a matter of common law because they are void against public policy.

4.    Plaintiffs' restrictions at issue in the license agreements are illegal under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq., and therefore those restrictions are unenforceable as a matter of law.

Dated: October 19, 2010                    Respectfully Submitted,

                                           **NOCHUR SANKAR**

                                           **SRS ENTERPRISES, LLC**

                                           *By Counsel*

**MCGUIREWOODS LLP**

   /s/  Anand V. Ramana
Warren E. Zirkle (VSB No. 15321)
Robert M. Tyler (VSB No. 37861)
Anand V. Ramana (VSB No. 65852)
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102
Tel:  (703) 712-5000
Fax:  (703) 712-5220

Email: wzirkle@mcguirewoods.com
Email: rtyler@mcguirewoods.com
Email: aramana@mcguirewoods.com
*Attorneys for Defendants Nochur Sankar*
*and SRS Enterprises, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of October, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following, and, in addition, I sent complete copies via U.S. Mail to the following:

Robert R. Vieth
MaryBeth W. Shreiner
Cooley LLP
One Freedom Square | Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel: (703) 456-8000
Fax: (703) 456-8100
Email: rvieth@cooley.com
Email: mshreiner@cooley.com
*Attorneys for Plaintiffs i2 and i2 Ltd.*

Christopher J. Sundermeier
Mark F. Lambert
Neha M. Marathe
Cooley LLP
3175 Hanover Street
Palo Alto, California 94304-1130
Tel: (650) 843-5000
Fax: (650) 849-7400
Email: sundermeier@cooley.com
Email: mlambert@cooley.com
Email: nmarathe@cooley.com
*Of Counsel for Plaintiffs i2 and i2 Ltd.*

Carl J. Nichols
D. Bradford Hardin, Jr.
WilmerHale LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:  (202) 663-6226
Facsimile:  (202) 663-6363
E-mail:  carl.nichols@wilmerhale.com
E-mail:  bradford.hardin@wilmerhale.com
*Attorney for Defendants Palantir Technologies, Inc., Shyam Sankar, and Dr. Asher Sinensky*

John Keker

Elliot Peters
Jeffrey Chanin
Jon Streeter
Eugene M. Paige
Melissa Miksch
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California  94111
Tel: (415) 391-5400
Email: jkeker@kvn.com
Email: epeters@kvn.com
Email: jchanin@kvn.com
Email: jstreeter@kvn.com
Email: epaige@kvn.com
Email: mmiksch@kvn.com
*Of Counsel  for Defendants Palantir Technologies,*
*Inc., Shyam Sankar, and Dr. Asher Sinensky*


      /s/  Anand V. Ramana
Anand V. Ramana (VSB No. 65852)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102
Tel:  (703) 712-5000
Fax:  (703) 712-5220
E-mail: aramana@mcguirewoods.com
*Attorney for Defendants Nochur Sankar*
*and SRS Enterprises, LLC*

\21155007.3