UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| i2 INC., a Delaware corporation; and i2 LIMITED, a British limited company registered in England and Wales,<br><br>                    Plaintiffs,<br><br>        v.<br><br>PALANTIR TECHNOLOGIES, INC., a Delaware corporation; SHYAM SANKAR, an individual; DR. ASHER SINENSKY, an individual; SRS ENTERPRISES, LLC, a Florida limited liability company; and NOCHUR SANKAR, an individual,<br><br>                    Defendants. | Civil Action No. 1:10-cv-00885-LO-JFA |

**DEFENDANT SHYAM SANKAR'S ANSWER TO COMPLAINT**

Defendant Shyam Sankar hereby answers the Complaint of Plaintiffs i2, Inc. and i2 Limited (collectively, "i2") as follows:

**<u>INTRODUCTION</u>**

1.      Denied.

2.      Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3.      Mr. Sankar admits that Palantir is, in some ways, a competitor of i2.  Mr. Sankar admits that Palantir develops analysis software sold to intelligence, defense, and law enforcement organizations.  Mr. Sankar admits that Palantir's marketing materials promote its software as "a child of PayPal, born from the start up's methodology for combating fraud."  Mr.

Sankar denies the remainder of the allegations in Paragraph 3.

4.      Mr. Sankar admits that he joined Palantir as Director of Business Development in or about March 2006.  Mr. Sankar admits that he contacted i2 about purchasing i2 products for SRS Enterprises and that he was a member of SRS Enterprises since in or before 2004.  Mr. Sankar admits that he was interested in i2 products that could be used for commercial fraud investigations.  Mr. Sankar denies the remainder of the allegations in Paragraph 4.

5.      Mr. Sankar admits that SRS Enterprises purchased i2's Analyst's Notebook version 6 software and related technical support.  Mr. Sankar admits that he was Palantir's Director of Business Development and also a member of SRS Enterprises.  Mr. Sankar denies the remainder of the allegations in Paragraph 5.

6.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

7.      Sentences one and two of this paragraph state legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.  Sentences three and four of this paragraph also state legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the remainder of these allegations.

8.      Mr. Sankar denies the allegations in sentence one of this paragraph.  Sentence two of this paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks sufficient information to form a belief as to the truth of the remaining allegations in this sentence, and on that basis denies those allegations.  Mr. Sankar lacks sufficient information to form a belief as to the truth of the allegations in sentences three

and four, and on that basis denies those allegations.  Mr. Sankar denies the allegations in

sentence five of this paragraph.

     9.     Mr. Sankar admits that i2 makes the contention stated in the last sentence of

Paragraph 9, but denies that i2's contentions are true.  Mr. Sankar admits that Analyst's

Notebook Import and iBaseCrawl offer Palantir's customers a way to import the customers' data

into Palantir's products.  Mr. Sankar denies the remainder of the allegations in Paragraph 9.

     10.     Denied.

     11.     Mr. Sankar admits that i2 seeks the relief described in this paragraph, but denies

that i2 is entitled to this relief or any other the relief prayed for in its Complaint.

## PARTIES

     12.     Mr. Sankar lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 12 and on that basis denies them.

     13.     Mr. Sankar lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 13 and on that basis denies them.

     14.     Mr. Sankar admits the allegations in sentences one, two, and three, and further

admits that Palantir sells certain of its analysis software to intelligence, defense, and law

enforcement agencies, and that Palantir and i2 compete with respect to the sale of certain

products.  Mr. Sankar denies the remainder of the allegations in this paragraph.

     15.     Mr. Sankar admits that SRS Enterprises, LLC has a registered address of 2336

Rye Grass Lane, Oviedo, Florida.  Palantir lacks knowledge or information sufficient to form a

belief as to the truth of the allegations regarding the records of the Florida Secretary of State, and

on that basis denies them.  This paragraph contains numerous legal conclusions to which no

response is required.  Mr. Sankar denies the remainder of the allegations in Paragraph 15.

     16.     Mr. Sankar admits that he is an individual who resides in Palo Alto, California,

and that he is an employee of Palantir.  He admits that he joined Palantir as Director of Business Development in or around March 2006 and that he currently holds the title "Director of Forward Deployed Engineering."  He admits that he was a member of SRS enterprises from 2004 or earlier into 2009.  He admits that he regularly travels to Virginia as part of his duties for Palantir. He denies the remainder of the allegations in Paragraph 16.

17.     Mr. Sankar admits that Nochur Sankar is an individual who resides at 2336 Rye Grass Lane, Oviedo, Florida, and that he is Mr. Sankar's and Ravi Sankar's father.  Mr. Sankar admits that Ravi Sankar has been a member of SRS Enterprises.  Mr. Sankar admits that Ravi Sankar worked as a summer intern at Palantir and that he did work in an engineering capacity, including for the business development team.  Mr. Sankar admits that Nochur Sankar has been a managing member of SRS Enterprises.  Mr. Sankar denies the remainder of the allegations in Paragraph 17.

18.     Mr. Sankar admits the allegations in sentence one of Paragraph 18.  Mr. Sankar admits that Dr. Sinensky is employed by Palantir as a Forward Deployed Engineer.  Mr. Sankar denies the remaining allegations in Paragraph 18.

19.     This paragraph states legal conclusions to which no response is required.

20.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the remainder of the allegations in Paragraph 20.

## GENERAL ALLEGATIONS

21.     Mr. Sankar admits that Palantir develops software products and provides those products to intelligence agencies.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 21 and on that basis denies them.

22.     Mr. Sankar admits that he began his employment at Palantir in or around March 2006 and that his initial position with Palantir was Director of Business Development.  Mr. Sankar denies the remainder of the allegations in Paragraph 22.

23.     Mr. Sankar admits that he began his employment with Palantir in or around March 2006, that he contacted i2 and asked for information, that his personal email address was ss298@cornell.edu, that he provided this personal email address to i2 as contact information, that he had attended Cornell University, that he provided i2 with an address in California, and that he received i2 marketing materials at that address.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and on that basis denies them.

24.     Mr. Sankar admits that he contacted i2 in the spring of 2006 regarding purchasing software capable of being used for commercial fraud investigations.  He admits that 2336 Rye Grass Lane, Oviedo, Florida is the registered address for SRS Enterprises and that he provided this address to i2.  He lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies them.

25.     Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies them.

26.     Mr. Sankar admits that i2 makes the contentions stated in the last sentence of Paragraph 26, but denies that i2's contentions are true.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and on that basis denies them.

27.     Mr. Sankar admits that Nochur Sankar paid for a purchase from i2 on or about April 13, 2006 using an American Express credit card.  The final sentence in Paragraph 27 states a legal conclusion to which no response is required, but to the extent a response is required, Mr.

Sankar denies Plaintiffs' characterization of the alleged license agreement and states that the terms of the alleged license agreement speak for themselves.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and on that basis denies them.

28.     Mr. Sankar admits that while employed at Palantir, he registered for and attended a portion of an i2 user conference on or around May 31, 2006, that he provided his home address and mobile phone number, and identified the company "Xoom."  Mr. Sankar denies the remaining allegations in Paragraph 28.

29.     Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30.     Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

(a)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(b)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(c)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(d)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves..

(e)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(f)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(g)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(h)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the

alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(i)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(j)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(k)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

32.     Denied.

33.     Mr. Sankar admits that i2 sold Nochur Sankar and SRS Enterprises a license to i2's iBase SSE Designer software in or about January 2007, along with one year of technical support and that the address given for this purchase was 2336 Rye Grass Lane, Oviedo, Florida. Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and on that basis denies them.

34.     Mr. Sankar admits that he contacted i2 to request that certain i2 dongles be consolidated, that he emailed i2 on or about August 28, 2007, from his email address, ssankar@gmail.com, and that the email was signed "Thanks, Nochur."  He lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and on that basis denies them.

35.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 35.

36.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 36.

37.     Denied.

38.     Mr. Sankar denies the allegations in sentences one, two, and three of this paragraph.  Sentence four of this paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in this sentence.

39.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 39.

40.     Mr. Sankar admits that Dr. Asher Sinensky's email address is asherks@gmail.com and that he has been a Forward Deployed Engineer for Palantir since in or around 2007.  Mr. Sankar denies the Dr. Sinensky worked at Palantir as a Forward Deployed Engineer in 2005 or 2006.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 40 and on that basis denies them.

**JURISDICTION AND VENUE**

41.     This paragraph states a legal conclusion to which no response is required.

42.     This paragraph states a legal conclusion to which no response is required.

43.     This paragraph states a legal conclusion to which no response is required.

44.     This paragraph states a legal conclusion to which no response is required.

45.     This paragraph states a legal conclusion to which no response is required.

## CLAIM I

### (Fraud and Conspiracy to Commit Fraud)

### (Against Palantir, Shyam Sankar, SRS Enterprises and Nochur Sankar)

46.     Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 45, above, as if set forth in full herein.

47.     Denied.

48.     Denied.

49.     The terms of the alleged 2006 license agreement speak for themselves.  Mr. Sankar denies the remainder of the allegations in Paragraph 49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

## CLAIM II

### (Breach of Contract)

### (Against SRS Enterprises, and Alter Ego defendant Shyam Sankar and Nochur Sankar)

55.     Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 54, above, as if set forth in full herein.

56.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis denies them.

(a)     This paragraph states a legal conclusion to which no response is required,

but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(b)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(c)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(d)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(e)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(f)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(g)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(h)     This paragraph states a legal conclusion to which no response is required,

but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(i)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

57.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

58.     Denied.

59.     Denied.

60.     Denied.

## CLAIM III

### (Misappropriation Of Trade Secrets)

### (Against All Defendants)

61.     Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 60, above, as if set forth in full herein.

62.     Denied.

63.     Denied.

64.     The terms of the alleged 2006 License Agreement speak for themselves.  Mr. Sankar denies the remainder of the allegations in this paragraph.

65.     Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies them.

66.     This paragraph states legal conclusions to which no response is required, but to

the extent a response is required, Mr. Sankar denies the allegations in Paragraph 66.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

## CLAIM IV

### (Copyright Infringement – 17 U.S.C. §§ 501 et seq.)

### (Against All Defendants)

72.     Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 71, above, as if set forth in full herein.

73.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies them.

74.     Mr. Sankar admits that the document attached as Exhibit A to Plaintiffs' Complaint purports to be a copy of a certificate of copyright registration for Analyst's Notebook version 7.0.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and on that basis denies them.

75.     Mr. Sankar admits that the document attached as Exhibit B to Plaintiffs' Complaint purports to be a copy of a certificate of copyright registration for iBase version 5.0. Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and on that basis denies them.

76.     Mr. Sankar admits that the document attached as Exhibit C to Plaintiffs' Complaint purports to be a copy of a certificate of copyright registration for Analyst's notebook

version 8.0.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and on that basis denies them.

77.    This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies them.

78.    This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies them.

79.    This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies them.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## CLAIM V

### (Contributory Copyright Infringement)

### (Against Defendants SRS Enterprises LLC, Shyam Sankar,

### And Nochur Sankar)

89.     Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 88, above, as if set forth in full herein.

90.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 90.

91.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 91.

92.     Denied.

93.     Denied.

94.     Denied.

## CLAIM VI

### (Civil RICO--Violation of Title 18 United States Code Section 1962(c))

### (Against All Defendants)

95.     Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 94, above, as if set forth in full herein.

96.     This paragraph states a legal conclusion to which no response is required.

97.     Denied.

- **The Enterprise**

98.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 98.

99.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 99.

100.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 100.

101.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 101.

102.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 102.

- **Pattern of Racketeering Activity**

103.     Denied.

104.     Denied.

- **Mail Fraud**

105.     Denied.

106.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in Paragraph 106.

107.     The first sentence of this paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Mr. Sankar denies the allegations in this sentence.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and on that basis denies them.

108.     Mr. Sankar denies the allegations in the first two sentences of this paragraph.  Mr. Sankar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and on that basis denies them.

109.     This paragraph states legal conclusions to which no response is required, but to

the extent a response is required, Mr. Sankar denies the allegations in Paragraph 109.

- **Wire Fraud**

110.   Denied.

111.   Denied.

112.   Denied.

- **Criminal Infringement of a Copyright**

113.   Denied

114.   Denied.

- **Direct Injury to i2's Business or Property**

115.   Denied.

116.   Denied.

## CLAIM VII

**(Conspiracy To Injure Another In Trade Or Business (Va. Code §§ 18.2-499(A) & 500)**

**(Against Defendants Palantir, Shyam Sankar,**

**Nochur Sankar and Dr. Asher Sinensky)**

117.   Mr. Sankar incorporates by reference his responses to Paragraphs 1 through 116, above, as if set forth in full herein.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

## RESPONSE TO PRAYER FOR RELIEF

1.      Mr. Sankar denies that Plaintiffs are entitled to any of the relief they have requested in paragraphs one through nine of their prayer for relief, and denies all factual allegations contained therein.

2.      Mr. Sankar denies each allegation of the Complaint not expressly admitted herein and denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

1.      Through activities of the sort that i2 has alleged were used by Defendants to obtain confidential and trade secret information, including by infiltrating Palantir's presentations to its customers and users, i2 has sought and obtained the same or similar information about Palantir's products in an effort to unfairly compete with Palantir.  Accordingly, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

### (Necessity)

2.      Plaintiffs' Complaint fails to state any cause of action against Defendants in that any alleged conduct in this case was necessary, in whole or in part, to safeguard national security.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

3.      Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

4.      Plaintiffs' claims are barred because Mr. Sankar's acts or omissions, wrongful or otherwise, were not the proximate cause of any of Plaintiffs' alleged injuries, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.      Assuming without conceding that the Complaint states a claim, Plaintiffs have failed to mitigate their damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.      To the extent Plaintiffs seek damages for alleged conduct outside the relevant statutes of limitations for their various claims, Plaintiffs' claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use.

## EIGHTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiffs' claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (License)

10.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have licensed Defendants' and or third parties' use of Plaintiffs' technology, and the conduct attributed to Defendants falls within the scope of those licenses.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Limited Remedies)

11.     Assuming without conceding that the Complaint states a claim, Plaintiffs' remedies are limited by the terms of the alleged license agreements.

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification)

12.     Plaintiffs' Complaint fails to state any cause of action against Mr. Sankar in that any purported misconduct in this case was done, in whole or in part, to safeguard national security, and Defendants were justified in engaging in the conduct attributable to them.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13.     Plaintiffs are estopped, in whole or in part, from asserting the claims alleged and obtaining the relief requested in the Complaint by reason of Plaintiffs' conduct, actions and communications to others.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

14.     Plaintiffs' common law claims are barred, in whole or in part, on the ground that

they conflict with, and are preempted by, statute, including but not limited to the Virginia

Uniform Trade Secrets Act ("VUTSA") and the Virginia Uniform Computer Information

Transactions Act ("VUCITA"), and by public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15.     Plaintiffs have waived, in whole or in part, any rights they may have to institute

an action for the alleged wrongdoings of which they complain by reason of Plaintiffs' conduct,

actions and communications to others.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

16.     Plaintiffs are not entitled to injunctive relief because any alleged injury to

Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

17.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged

damages, if any, are speculative and uncertain.

## EIGTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to

and approved some of the actions and transactions complained of in the Complaint.

Accordingly, Plaintiffs are barred from pursuing damages for those actions.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

19.     This Court lacks subject matter jurisdiction to adjudicate Plaintiffs' state-law claims.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Exemplary Damages)

20.     Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for exemplary damages.  Plaintiffs' claims for exemplary damages are further barred to the extent that such claims are violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

### RESERVATION OF ADDITIONAL REMEDIES

Mr. Sankar specifically gives notice that he intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend his Answer and assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Sankar demands judgment and prays for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint;

2.     That the Complaint be dismissed with prejudice;

3.     For attorneys' fees and costs of suit; and

4.     For such other and further relief as the Court may deem just and proper.

Dated:  October 19, 2010

WILMER CUTLER PICKERING HALE AND DORR LLP

By: _/s/_____
Carl Nichols, VSB No. 43065
D. Bradford Hardin, Jr., VSB No. 76812
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:       (202) 663-6000
Facsimile:       (202) 663 6363
Email: Carl.Nichols@wilmerhale.com
Email: Bradford.Hardin@wilmerhale.com

**Attorneys for Defendants
PALANTIR TECHNOLOGIES, INC.,
SHYAM SANKAR, and DR. ASHER
SINENSKY**

Of Counsel:

John W. Keker (*admitted pro hac vice*)
Elliot R. Peters (*admitted pro hac vice*)
Jeffrey R. Chanin (*admitted pro hac vice*)
Jon B. Streeter (*admitted pro hac vice*)
Eugene M. Paige (*admitted pro hac vice*)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:       (415) 391-5400
Facsimile:       (415) 397-7188
Email:      jkeker@kvn.com
Email:      epeters@kvn.com
Email:      jchanin@kvn.com
Email:      jbs@kvn.com
Email:      emp@kvn.com

**Attorneys for Defendants
PALANTIR TECHNOLOGIES, INC.,
SHYAM SANKAR, and DR. ASHER
SINENSKY**

23

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 19th day of October, 2010, a true and correct copy of

the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which

will then send a notification of such filing (NEF) to the following:

Robert R. Vieth, Esq.
COOLEY LLP
One Freedom Square | Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656

Anand Vijay Ramana, Esq.
McGuireWoods LLP (McLean)
1750 Tysons Blvd
Suite 1800
McLean, VA 22102-4215

*Attorney for Plaintiffs i2 Inc. and i2 Limited*

*Attorney for Defendants Nochur Sankar and SRS Enterprises, LLC*


I FURTHER CERTIFY that on the 19th day of October, 2010, a true and correct copy of

the foregoing was served by hand on the following:

Christopher J. Sundermeier
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130

*Attorney for Plaintiffs i2 Inc. and i2 Limited*

Dated:  October 19, 2010

WILMER CUTLER PICKERING HALE
AND DORR LLP


By: */s/*_____
     Carl Nichols, VSB No. 43065
     D. Bradford Hardin, Jr., VSB No. 76812
     1875 Pennsylvania Avenue, NW
     Washington, DC  20006
     Telephone:      (202) 663-6000
     Facsimile:       (202) 663 6363
     Email: carl.nichols@wilmerhale.com
     Email: Bradford.Hardin@wilmerhale.com

     **Attorneys for Defendants**
     **PALANTIR TECHNOLOGIES, INC.,**
     **SHYAM SANKAR, and DR. ASHER**
     **SINENSKY**