UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| i2 INC., a Delaware corporation; and i2 LIMITED, a British limited company registered in England and Wales,<br><br>Plaintiffs,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC., a Delaware corporation; SHYAM SANKAR, an individual; DR. ASHER SINENSKY, an individual; SRS ENTERPRISES, LLC, a Florida limited liability company; and NOCHUR SANKAR, an individual,<br><br>Defendants. | Civil Action No. 1:10-cv-00885-LO-JFA |

**DEFENDANT DR. ASHER SINENSKY'S ANSWER TO COMPLAINT**

Defendant Dr. Asher Sinensky hereby answers the Complaint of Plaintiffs i2, Inc. and i2 Limited (collectively, "i2") as follows:

**INTRODUCTION**

1.     Denied.

2.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3.     Dr. Sinensky admits that Palantir is, in some ways, a competitor of i2. Dr. Sinensky admits that Palantir develops analysis software sold to intelligence, defense, and law enforcement organizations. Dr. Sinensky admits that Palantir's marketing materials promote its

1

software as "a child of PayPal, born from the start up's methodology for combating fraud." Dr. Sinensky denies the remainder of the allegations in Paragraph 3.

4.      Dr. Sinensky admits that Shyam Sankar joined Palantir as Director of Business Development in or about March 2006.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and on that basis denies them.

5.      Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies them.

6.      Dr. Sinensky lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

7.      Dr. Sinensky lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

8.      Dr. Sinensky denies the allegations in sentence one of this paragraph.  Sentence two of this paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks sufficient information to form a belief as to the truth of the remaining allegations in this sentence, and on that basis denies those allegations.  Dr. Sinensky lacks sufficient information to form a belief as to the truth of the allegations in sentences three and four, and on that basis denies those allegations.  Dr. Sinensky denies the allegations in sentence five of this paragraph.

9.      Dr. Sinensky admits that i2 makes the contention stated in the last sentence of Paragraph 9, but denies that i2's contentions are true.  Dr. Sinensky admits that Analyst's Notebook Import and iBaseCrawl offer Palantir's customers a way to import the customers' data into Palantir's products.  Dr. Sinensky denies the remainder of the allegations in Paragraph 9.

10.     Denied.

US1DOCS 7690820v1

11.     Dr. Sinensky admits that i2 seeks the relief described in this paragraph, but denies that i2 is entitled to this relief or any of the relief prayed for in its Complaint.

## PARTIES

12.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

14.     Dr. Sinsensky admits the allegations in sentences one, two, and three, and further admits that Palantir sells certain of its analysis software to intelligence, defense, and law enforcement agencies, and that Palantir and i2 compete with respect to the sale of certain products.  Dr. Sinensky denies the remainder of the allegations in this paragraph.

15.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

16.     Dr. Sinensky admits that Shyam Sankar is an individual who resides in Palo Alto, California, and that he is an employee of Palantir.  He admits that Mr. Sankar joined Palantir as Director of Business Development in or around March 2006 and that he currently holds the title "Director of Forward Deployed Engineering."  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies them.

17.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies them.

18.     Dr. Sinensky admits the allegations in sentence one of Paragraph 18.  Dr. Sinensky admits that he is employed by Palantir as a Forward Deployed Engineer.  Dr. Sinensky denies the remaining allegations of Paragraph 18.

US1DOCS 7690820v1

19.     This paragraph states legal conclusions to which no response is required.

20.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

## GENERAL ALLEGATIONS

21.     Dr. Sinensky admits that Palantir develops software products and provides those products to intelligence agencies.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 21 and on that basis denies them.

22.     Dr. Sinensky admits that Shyam Sankar began his employment at Palantir in or around March 2006 and that his initial position with Palantir was Director of Business Development.   Dr. Sinensky denies the remaining allegations in Paragraph 22.

23.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

24.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

25.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies them.

26.     Dr. Sinensky admits that i2 makes the contentions stated in the last sentence of Paragraph 26, but lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and on that basis denies them.

27.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the

US1DOCS 7690820v1

truth of the allegations in Paragraph 27 and on that basis denies them.

28.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies them.

29.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

(a)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(b)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(c)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(d)     This paragraph states legal conclusions to which no response is required,

5

but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(e)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(f)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(g)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(h)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

(i)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak

US1DOCS 7690820v1

for themselves.

        (j)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

        (k)     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies Plaintiffs' characterization of the alleged 2006 license agreement and states that the terms of the alleged license agreement speak for themselves.

32.     Denied.

33.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them.

34.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies them.

35.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 35.

36.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 36.

37.     Denied.

38.     Dr. Sinensky denies the allegations in sentence one of this paragraph.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three of this paragraph and on that basis denies them.  Sentence four of this paragraph states a legal conclusion to which no response is required, but to the extent

US1DOCS 7690820v1

a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence and on that basis denies them.

39.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

40.      Dr. Sinsenky admits that his email address is asherks@gmail.com and that he has been a Forward Deployed Engineer for Palantir since in or around 2007.  Dr. Sinensky denies that he was employed as a Forward Deployed Engineer for Palantir in 2005 or 2006.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and on that basis denies them.

## JURISDICTION AND VENUE

41.      This paragraph states a legal conclusion to which no response is required.

42.      This paragraph states a legal conclusion to which no response is required.

43.      This paragraph states a legal conclusion to which no response is required.

44.      This paragraph states a legal conclusion to which no response is required.

45.      This paragraph states a legal conclusion to which no response is required.

## <u>CLAIM I</u>

### (Fraud and Conspiracy to Commit Fraud)

### (Against Palantir, Shyam Sankar, SRS Enterprises and Nochur Sankar)

46.      Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 45, above, as if set forth in full herein.

47.      Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

US1DOCS 7690820v1

48.     Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

49.     The terms of the alleged license agreement speak for themselves.  Dr. Sinensky denies the remainder of the allegations in Paragraph 49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

## CLAIM II

### (Breach of Contract)

### (Against SRS Enterprises, and Alter Ego defendant Shyam Sankar and Nochur Sankar)

55.     Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 54, above, as if set forth in full herein.

56.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis denies them.

(a)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(b)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(c)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(d)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(e)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(f)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(g)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(h)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

(i)     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

57.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky states that the terms of the alleged 2006 license speak for themselves and denies the remainder of the allegations in this paragraph.

58.     Denied.

59.     Denied.

60.     Denied.

## CLAIM III

**(Misappropriation Of Trade Secrets)**

**(Against All Defendants)**

61.     Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 60, above, as if set forth in full herein.

62.     Denied.

63.     Denied.

64.     Denied

65.     The terms of the alleged 2006 License Agreement speak for themselves.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and on that basis denies them.

66.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 66.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

US1DOCS 7690820v1

## CLAIM IV

### (Copyright Infringement – 17 U.S.C. §§ 501 et seq.)

### (Against All Defendants)

72.     Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 71, above, as if set forth in full herein.

73.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies them.

74.     Dr. Sinensky admits that the document attached as Exhibit A to Plaintiffs' Complaint purports to be a copy of a certificate of copyright registration for Analyst's Notebook version 7.0.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and on that basis denies them.

75.     Dr. Sinensky admits that the document attached as Exhibit B to Plaintiffs' Complaint purports to be a copy of a certificate of copyright registration for iBase version 5.0. Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and on that basis denies them.

76.     Dr. Sinensky admits that the document attached as Exhibit C to Plaintiffs' Complaint purports to be a copy of a certificate of copyright registration for Analyst's Notebook version 8.0.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and on that basis denies them.

77.      This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies them.

78.      This paragraph states legal conclusions to which no response is required, but to

US1DOCS 7690820v1

the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies them.

79.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies them.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## CLAIM V

### (Contributory Copyright Infringement)

### (Against Defendants SRS Enterprises LLC, Shyam Sankar,

### And Nochur Sankar)

89.     Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 88, above, as if set forth in full herein.

90.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 90.

91.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 91.

US1DOCS 7690820v1

92.     Denied.

93.     Denied.

94.     Denied.

## CLAIM VI

### (Civil RICO--Violation of Title 18 United States Code Section 1962(c))

### (Against All Defendants)

95.     Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 94, above, as if set forth in full herein.

96.     This paragraph states a legal conclusion to which no response is required.

97.     Denied.

- **The Enterprise**

98.     This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 98.

99.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 99.

100.    This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 100.

101.    This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 101.

102.    This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 102.

- **Pattern of Racketeering Activity**

103.    Denied.

104.     Denied.

- **Mail Fraud**

105.     Denied.

106.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 106.

107.      The first sentence of this paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in this sentence.  Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and on that basis denies them.

108.     Dr. Sinensky denies the allegations in the first two sentences of this paragraph. Dr. Sinensky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and on that basis denies them.

109.     This paragraph states legal conclusions to which no response is required, but to the extent a response is required, Dr. Sinensky denies the allegations in Paragraph 109.

- **Wire Fraud**

110.     Denied.

111.     Denied.

112.     Denied.

- **Criminal Infringement of a Copyright**

113.     Denied

114.     Denied.

- **Direct Injury to i2's Business or Property**

115.    Denied.

116.    Denied.

## CLAIM VII

### (Conspiracy To Injure Another In Trade Or Business (Va. Code §§ 18.2-499(A) & 500)

### (Against Defendants Palantir, Shyam Sankar,

### Nochur Sankar and Dr. Asher Sinensky)

117.    Dr. Sinensky incorporates by reference his responses to Paragraphs 1 through 116, above, as if set forth in full herein.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

## RESPONSE TO PRAYER FOR RELIEF

1.      Dr. Sinensky denies that Plaintiffs are entitled to any of the relief they have requested in paragraphs one through nine of their prayer for relief, and denies all factual allegations contained therein.

2.      Dr. Sinensky denies each allegation of the Complaint not expressly admitted herein and deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

1.      Through activities of the sort that i2 has alleged were used by Defendants to obtain confidential and trade secret information, including by infiltrating Palantir's presentations

to its customers and users, i2 has sought and obtained the same or similar information about

Palantir's products in an effort to unfairly compete with Palantir.  Accordingly, Plaintiffs' claims

are barred, in whole or in part, by the doctrine of unclean hands.

**SECOND AFFIRMATIVE DEFENSE**

**(Necessity)**

2.     Plaintiffs' Complaint fails to state any cause of action against Defendants in that

any alleged conduct in this case was necessary, in whole or in part, to safeguard national

security.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

3.     Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

4.     Plaintiffs' claims are barred because Dr. Sinensky's acts or omissions, wrongful

or otherwise, were not the proximate cause of any of Plaintiffs' alleged injuries, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5.     Assuming without conceding that the Complaint states a claim, Plaintiffs have

failed to mitigate their damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6.     To the extent Plaintiffs seek damages for alleged conduct outside the relevant

US1DOCS 7690820v1

statutes of limitations for their various claims, Plaintiffs' claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use.

## EIGHTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiffs' claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (License)

10.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have licensed Defendants' and/or third parties' use of Plaintiffs' technology, and the conduct attributed to Defendants falls within the scope of those licenses.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Limited Remedies)

11.     Assuming without conceding that the Complaint states a claim, Plaintiffs' remedies are limited by the terms of the alleged license agreements.

US1DOCS 7690820v1

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification)

12.     Plaintiffs' Complaint fails to state any cause of action against Dr. Sinensky in that any alleged conduct in this case was done, in whole or in part, to safeguard national security, and Defendants were justified in engaging in the conduct attributable to them.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13.     Plaintiffs are estopped, in whole or in part, from asserting the claims alleged and obtaining the relief requested in the Complaint by reason of Plaintiffs' conduct, actions and communications to others.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

14.     Plaintiffs' common law claims are barred, in whole or in part, on the ground that they conflict with, and are preempted by, statute, including but not limited to the Virginia Uniform Trade Secrets Act ("VUTSA") and the Virginia Uniform Computer Information Transactions Act ("VUCITA"), and by public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15.     Plaintiffs have waived, in whole or in part, any rights they may have to institute an action for the alleged wrongdoings of which they complain by reason of Plaintiffs' conduct, actions and communications to others.

US1DOCS 7690820v1

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

16.     Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

17.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and uncertain.

## EIGTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to and approved some of the actions and transactions complained of in the Complaint. Accordingly, Plaintiffs are barred from pursuing damages for those actions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

19.     This Court lacks subject matter jurisdiction to adjudicate Plaintiffs' state-law claims.

## TWENTYIETH AFFIRMATIVE DEFENSE

### (No Exemplary Damages)

20.     Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for exemplary damages.  Plaintiffs' claims for exemplary damages are further barred to the extent that such claims are violations of the Fifth, Eighth, and Fourteenth Amendments to the United

US1DOCS 7690820v1

States Constitution.

## **RESERVATION OF ADDITIONAL REMEDIES**

Dr. Sinensky specifically gives notice that he intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend his Answer and assert such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Dr. Sinensky demands judgment and prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;

2. That the Complaint be dismissed with prejudice;

3. For attorneys' fees and costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

US1DOCS 7690820v1

Dated:  October 19, 2010                    WILMER CUTLER PICKERING HALE
                                            AND DORR LLP


                                    By:  _/s/_____
                                         Carl Nichols, VSB No. 43065
                                         D. Bradford Hardin, Jr., VSB No. 76812
                                         1875 Pennsylvania Avenue, NW
                                         Washington, DC  20006
                                         Telephone:      (202) 663-6000
                                         Facsimile:      (202) 663 6363
                                         Email: Carl.Nichols@wilmerhale.com
                                         Email: Bradford.Hardin@wilmerhale.com

                                         **Attorneys for Defendants**
                                         **PALANTIR TECHNOLOGIES, INC.,**
                                         **SHYAM SANKAR, and DR. ASHER**
                                         **SINENSKY**

                                         Of Counsel:

                                         John W. Keker (*admitted pro hac vice*)
                                         Elliot R. Peters (*admitted pro hac vice*)
                                         Jeffrey R. Chanin (*admitted pro hac vice*)
                                         Jon B. Streeter (*admitted pro hac vice*)
                                         Eugene M. Paige (*admitted pro hac vice*)
                                         KEKER & VAN NEST LLP
                                         710 Sansome Street
                                         San Francisco, CA  94111-1704
                                         Telephone:      (415) 391-5400
                                         Facsimile:      (415) 397-7188
                                         Email:     jkeker@kvn.com
                                         Email:     epeters@kvn.com
                                         Email:     jchanin@kvn.com
                                         Email:     jbs@kvn.com
                                         Email:     emp@kvn.com

                                         **Attorneys for Defendants**
                                         **PALANTIR TECHNOLOGIES, INC.,**
                                         **SHYAM SANKAR, and DR. ASHER**
                                         **SINENSKY**

US1DOCS 7690820v1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 19th day of October, 2010, a true and correct copy of

the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which

will then send a notification of such filing (NEF) to the following:

Robert R. Vieth, Esq.
COOLEY LLP
One Freedom Square | Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656

Anand Vijay Ramana, Esq.
McGuireWoods LLP (McLean)
1750 Tysons Blvd
Suite 1800
McLean, VA 22102-4215

*Attorney for Plaintiffs i2 Inc. and i2 Limited*

*Attorney for Defendants Nochur Sankar and SRS Enterprises, LLC*

I FURTHER CERTIFY that on the 19th day of October, 2010, a true and correct copy of

the foregoing was served by hand on the following:

Christopher J. Sundermeier
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130

*Attorney for Plaintiffs i2 Inc. and i2 Limited*

Dated:  October 19, 2010

WILMER CUTLER PICKERING HALE
AND DORR LLP


By: *<u>/s/</u>*_____
Carl Nichols, VSB No. 43065
D. Bradford Hardin, Jr., VSB No. 76812
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:     (202) 663-6000
Facsimile:      (202) 663 6363
Email: Carl.Nichols@wilmerhale.com
Email: Bradford.Hardin@wilmerhale.com

**Attorneys for Defendants
PALANTIR TECHNOLOGIES, INC.,
SHYAM SANKAR, and DR. ASHER
SINENSKY**

US1DOCS 7690820v1