CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 2

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| i2 INC., a Delaware corporation; and i2 LIMITED, a British limited company registered in England and Wales,<br><br>        Plaintiffs,<br><br>  v.<br><br>PALANTIR TECHNOLOGIES, INC., a Delaware corporation; SHYAM SANKAR, an individual; DR. ASHER SINENSKY, an individual; SRS ENTERPRISES, LLC, a Florida limited liability company; and NOCHUR SANKAR, an individual,<br><br>        Defendants. | Civil Action No. 1:10-cv-00885-LO-JFA<br><br>**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY PURSUANT TO PROTECTIVE ORDER** |

## DEFENDANT PALANTIR TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and Local Civil Rule 26(c), Defendant PALANTIR TECHNOLOGIES, INC. ("Palantir" or "Defendant") hereby provides the following responses and objections to the First Set of Interrogatories of Plaintiffs i2 INC. and i2 LIMITED ("i2" or "Plaintiffs"). Defendant reserves the right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before this Court ("Local Rules").

### PRELIMINARY STATEMENT

Defendant writes preliminarily to clarify some general matters concerning its responses to the First Set of Interrogatories ("First Interrogatories").

1.  Defendant will not respond to the First Interrogatories to the extent that the requests demand Palantir to undertake duties or obligations beyond those imposed by the Federal

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

Rules of Civil Procedure and/or the Local Rules, including but not limited to the numerical limit on interrogatories.

2.    Defendant's responses will be based upon information and documentation that is currently available and specifically known to Defendant.  The responses will be given without prejudice to Defendant's right to produce or rely on subsequently discovered information. Without obligating itself to do so, except to the extent required under the Federal Rules of Civil Procedure, Defendant reserves the right to change or supplement its responses as additional facts or documents are discovered, revealed, recalled or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions or legal theories which may apply.  Discovery is continuing, and these responses are subject to change accordingly.  It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations from the information set forth herein.  The responses are made in a good-faith effort to provide information now known to Defendant which is responsive, but Defendant specifically reserves the right both to supplement any of the responses set forth below and to utilize at trial any further information.

3.    Defendant will not provide information that is confidential to Defendant or any other defendant or third party.  Defendant will provide such information only subject to a suitable confidentiality or protective order, and where third-party information is implicated, only with permission of the relevant parties, as appropriate.  As Plaintiffs well know, many of Palantir's customers are government agencies in the intelligence, defense, and law enforcement communities, and many of the documents related to these entities are extremely sensitive and subject to significant protections.

**SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

4.    Defendant objects to the definitions of "communication," "document," "documents," "correspondence," "relating to," and "electronically stored information" and

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

"equipment" to the extent that such definition(s) renders any interrogatory overbroad and unduly burdensome, or seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.

5.      Defendant objects to Plaintiffs' definition of "Palantir" as overly broad and unduly burdensome. Defendant will not search for or produce material exclusively in the possession, custody, or control of its consultants, independent contractors, agents, experts, and/or accountants, on the grounds that such a search would not be reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the definition of "i2 software." The only software at issue in this case is i2's Analyst's Notebook, Analyst's Notebook Software Development Kit, iBase SSE application, and iBase SSE Designer software. To the extent this definition is meant to apply to any other i2 software, it is overly broad and unduly burdensome.

7.      Defendant objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Defendant further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. Defendant also objects to this term to the extent it seeks to impose obligations and demands on Defendant beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

8.      Defendant objects to the definitions to the extent it purports to attribute any special or unusual meaning to any legal term or phrase.

9.      Defendant objects to Plaintiffs' definitions and instructions to the extent they impose obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.

10.     Defendant objects to Plaintiffs' definitions and instructions to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

meaning or significance is subject to dispute between the parties. Defendant's responses to these interrogatories shall not constitute an admission or concession to the definitions used in the interrogatories.

11.    Defendant objects to Plaintiffs' definitions and instructions to the extent they seek information not currently in Palantir's possession, custody, or control, or refer to persons, entities, or events not known to Defendant , on the grounds that such instructions, definitions, or interrogatories seek to require more of Defendant than any obligation imposed by law, would subject Defendant to unreasonable and undue burden, oppression, and expense, and would seek to impose upon Defendant an obligation to investigate or discover information or materials from third parties or sources who are equally available to Plaintiffs.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the above Preliminary Statement and Objections to Definitions and Instructions, and without waiving the same, Defendant responds as follows:

**INTERROGATORY NO. 1:**

Describe the relationship between SRS Enterprises, LLC and Palantir.

**OBJECTION TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it calls for a legal conclusion regarding the alleged "relationship between SRS Enterprises, LLC and Palantir."

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that SRS Enterprises and Palantir do not currently have a relationship except as co-defendants in this lawsuit.

**INTERROGATORY NO. 2:**

Describe with particularity every communication between or among SRS Enterprises, LLC, Nochur Sankar, Shyam Sankar, Dr. Asher Sinensky and Palantir relating to i2 or any of its products and services, including the persons involved, the dates of the communications, and the substance of the communication.

**OBJECTION TO INTERROGATORY NO. 2:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant further objects to this interrogatory to the extent it seeks information that is not in Defendant's possession, custody, or control.  In particular, Defendant objects to this interrogatory because it improperly asks Palantir to "[d]escribe" communications involving third parties even if Palantir was not a party to those alleged communications.  As such, this interrogatory calls for speculation, lacks foundation, and impermissibly seeks to impose duties and obligations on Defendant that are not contemplated by the Federal Rules or the Local Rules.

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for information regarding each and every communication between or among Shyam Sankar, Dr. Asher Sinensky, and Palantir "relating to i2 or any of its products and services." Plaintiffs allege in their complaint that i2 is a competitor of Palantir, and as such,

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

there are potentially a large number of "communications" that take place among Palantir employees regarding i2, the vast majority of which have nothing to do with the claims at issue in this action. Asking Defendant to "[d]escribe with particularity" each one of these conversations is unduly burdensome and grossly over broad.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant further objects to this interrogatory to the extent it seeks information that is within Plaintiff's possession, custody, or control, or that are equally or more accessible to Plaintiff than to Defendant.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that it will be producing documents that should answer this interrogatory fully with respect to written communications. Regarding oral communications, over the course of the past several years various Palantir employees have discussed with Shyam Sankar and/or Dr. Sinensky promoting interoperability between the i2 and Palantir products, so that customer data that has been stored by Palantir's software could be viewed using i2's software, and vice versa, in order to among other things meet the national security needs of intelligence, law enforcement, and military analysts. Shyam Sankar communicated with SRS Enterprises and/or Nochur Sankar in relation to i2 to purchase i2 products in order to meet the needs of Palantir clients who required interoperability.

**INTERROGATORY NO. 3:**

Describe with particularity any payments or reimbursements made, received or requested by SRS Enterprises, LLC, Shyam Sankar, Nochur Sankar, Ravi Sankar, Dr. Asher Sinensky or

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

Palantir from each other in particular any requests for payment or reimbursement for any expense associated with i2 or its products and services.

## OBJECTION TO INTERROGATORY NO. 3:

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant further objects to this interrogatory to the extent it seeks information that is not in Defendant's possession, custody, or control. In particular, Defendant objects to this interrogatory because it improperly asks Palantir to "[d]escribe" payment or reimbursement receipts or requests involving third parties even if Palantir was not a party to those alleged communications. As such, this interrogatory calls for speculation, lacks foundation, and impermissibly seeks to impose duties and obligations on Defendant that are not contemplated by the Federal Rules or the Local Rules.

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for information regarding each and every "payment or reimbursement made or received" by Palantir and its employees or former employees, without any subject matter limitation. For example, as currently worded, the interrogatory asks for reimbursements requests submitted by Shyam Sankar to Palantir for normal work-related travel expenses, whether or not they are related to the i2 products at issue in this litigation. Should Defendant respond to this request, it will limit its response to payments or reimbursements associated with the i2 software products and services that are named in Plaintiffs' complaint.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that it paid the following reimbursements for purchases of i2 software:

| Date | Payee | Amount in USD |
|------|-------|---------------|
| 3/19/10 | Nochur Sankar | $6,232.98 |
| 3/5/09 | Nochur Sankar | $5,509.88 |
| 9/4/08 | Nochur Sankar | $10,689.40 |
| 2/14/08 | Nochur Sankar | $3,930.92 |
| 10/31/07 | Nochur Sankar | $6,357.14 |
| 10/16/07 | Nochur Sankar | $5,315.94 |
| 9/18/07 | Nochur Sankar | $1,364.25 |
| 5/21/07 | Nochur Sankar | $1,364.25 |
| 8/15/06 | Nochur Sankar | $9,473.40 |
| 4/19/06 | Nochur Sankar | $5,168.88 |

**INTERROGATORY NO. 4:**

Identify every person or entity that has had access to, has copied or used any of the i2 software, related documentation, license strings, or dongles acquired under any license agreements with i2, and describe the date of each use; the use made; the purpose for the use; and each person involved.

**OBJECTION TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege,

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

and/or any other applicable privilege, protection, or right afforded by state or federal law.
Defendant also objects to this interrogatory to the extent it calls for confidential communications
with attorneys to provide legal advice or information prepared at the direction of counsel after
the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information
pertaining to a third party, information subject to a non-disclosure agreement, and/or information
classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or
otherwise protected from disclosure. Defendant also objects to this interrogatory because no
protective order is in place.

Defendant further objects to this interrogatory to the extent it seeks information that is not
in Defendant's possession, custody, or control. In particular, Defendant objects to this
interrogatory because it improperly asks Palantir to collect information regarding an alleged
license agreement between i2 and a third party. As such, this interrogatory calls for speculation,
lacks foundation, and impermissibly seeks to impose duties and obligations on Defendant that
are not contemplated by the Federal Rules or the Local Rules.

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and
neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the
extent it calls for information regarding information regarding "any license agreements with i2."
The only potentially relevant "license agreements" at issue in this litigation are agreements that
were allegedly entered into between i2 and SRS Enterprises. Indeed, Plaintiffs have not brought
any breach of contract claim against Palantir.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and
unduly burdensome as to the terms "access to," "used," "purpose for the use," and "use made" as
these terms are susceptible to multiple interpretations.

Defendant objects to this interrogatory as compound because it contains discrete subparts
that require separate, distinct and multiple responses. Specifically, this interrogatory asks
Defendant to "identify" three distinct groups of individuals: those that had access to certain

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

material, those whom copied said material, and those who "used" said material. For each of those groups, Plaintiffs ask for at least four separate categories of information: the date of each use, the use made, the purpose for the use, and the persons involved. This constitutes at least 12 discrete subparts. Each discrete subpart to this compound interrogatory will be individually counted against the limits imposed by the Fed. R. Civ. P. 33(a)(1) and this Court.

Palantir objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. In particular, Palantir objects to Plaintiffs' attempt to elicit information regarding individual's relationship to Palantir as impermissibly compound, as it constitutes information that is distinct from information that is used to identify individuals. Palantir also objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that the following individuals have had access to i2 materials: Aaron Zollman, Adam Horner, Adam Judelson, Akash Jain, Andrew Miller, Anne Ryan, Asher Sinensky, Brandon Wright, Bryan Knight, Carl Freeland, Chris Lee, Christina Pok, David Carlisle, David Chiu, David Cohen, David Kyo, Dan Woods, David Worn, Eric Porter, Eric Wong, Evan Marshak, Gabe Rosen, Gregory Barbaccia, Henry Tran, Huey Kwik, Jason Payne,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

Jennifer Leung, John Boyt, John Kozlowski, Joshua Lederman, Kevin Richards, Kevin Rothwell, Kevin Stewart, Keyur Parikh, Khan Tasinga, Kimmy Richardson, Kori Oliver, Luke Ivers, Mark Green, Matt Grimm, Matt Gordon, Mike Shafer, Nathan Gettings, Patrick Dunn, Paul Hadjy, Paul Ryan, Robert Yan, Robin Lim, Saad Abdali, Sara Magnuson, Scott Stevson, Shannon Scott, Shreyas Vijaykumar, Shyam Sankar, Stephen Cohen, Tim Nguyen, Toan Ton, Todd Weber, Tony Nassar, Tri Tang, Trae Stephens, Winnie Chai, Will Barley, and Zennard Sun. Palantir's employees accessed i2's materials beginning in 2006 in order to meet the needs of Palantir clients who required interoperability between i2 products and the Palantir platform in order to, among other things, safeguard national security. Palantir also understands that some of these employees have likely had access to i2 materials only when they were working at client locations.

**INTERROGATORY NO. 5:**

Identify every person at Palantir who has had access to or used any i2 software, related documentation, license strings, or dongles, regardless of the origin, and describe the date of such access or each use; the use made; the purpose for the use; and each person involved.

**OBJECTION TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information pertaining to a third party, information subject to a non-disclosure agreement, and/or information classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or otherwise protected from disclosure. Defendant also objects to this interrogatory because no protective order is in place.

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for information regarding information regarding i2 material "regardless of the origin." Defendant also objects to this request as overly broad and unduly burdensome to the extent it asks for identification of any Palantir employee who has ever used i2 material prior to joining Palantir or used i2 at customer site.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome as to the terms "access to," "use made," "used," and "purpose for the use" as these terms are susceptible to multiple interpretations.

Defendant objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, this interrogatory asks Defendant to "identify" two distinct groups of individuals: those that had access to certain material, and those who "used" said material. For each of those groups, Plaintiffs ask for at least four separate categories of information: the date of such access or each use, the use made, the purpose for the use, and the persons involved. This constitutes at least eight discrete subparts. Each discrete subpart to this compound interrogatory will be individually counted against the limits imposed by the Fed. R. Civ. P. 33(a)(1) and this Court.

Palantir objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. In particular, Palantir objects to Plaintiffs' attempt to elicit information regarding individual's relationship to Palantir as impermissibly compound, as it constitutes information that is distinct from information that is used to identify individuals. Palantir also objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that the following individuals have had access to i2 materials: Aaron Zollman, Adam Horner, Adam Judelson, Akash Jain, Andrew Miller, Anne Ryan, Asher Sinensky, Brandon Wright, Bryan Knight, Carl Freeland, Chris Lee, Christina Pok, David Carlisle, David Chiu, David Cohen, David Kyo, Dan Woods, David Worn, Eric Porter, Eric Wong, Evan Marshak, Gabe Rosen, Gregory Barbaccia, Henry Tran, Huey Kwik, Jason Payne, Jennifer Leung, John Boyt, John Kozlowski, Joshua Lederman, Kevin Richards, Kevin Rothwell, Kevin Stewart, Keyur Parikh, Khan Tasinga, Kimmy Richardson, Kori Oliver, Luke Ivers, Mark Green, Matt Grimm, Matt Gordon, Mike Shafer, Nathan Gettings, Patrick Dunn, Paul Hadjy, Paul Ryan, Robert Yan, Robin Lim, Saad Abdali, Sara Magnuson, Scott Stevson, Shannon Scott, Shreyas Vijaykumar, Shyam Sankar, Stephen Cohen, Tim Nguyen, Toan Ton, Todd Weber, Tony Nassar, Tri Tang, Trae Stephens, Winnie Chai, Will Barley, and Zennard Sun. Palantir's employees accessed i2's materials beginning in 2006 in order to meet the needs of Palantir clients who required interoperability between i2 products and the Palantir platform in order to, among other things, safeguard national security. Palantir also understands that some of these employees have likely had access to i2 materials only when they were working at client locations.

**INTERROGATORY NO. 6:**

Describe the process by which Palantir developed its Analyst's Notebook data importer and iBaseCrawl software, including each person involved in the development, each person's role, general duties, and contribution to the development, the time period of the development,

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

any of i2's data, code, or documentation that was reviewed, analyzed, manipulated, or reverse
engineered in the process, and any data or information obtained from a current or former i2
customer for use during the development period.

**OBJECTION TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory to the extent it seeks to elicit information
protected by the attorney-client privilege, the work-product doctrine, joint defense privilege,
and/or any other applicable privilege, protection, or right afforded by state or federal law.
Defendant also objects to this interrogatory to the extent it calls for confidential communications
with attorneys to provide legal advice or information prepared at the direction of counsel after
the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information
pertaining to a third party, information subject to a non-disclosure agreement, and/or information
classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or
otherwise protected from disclosure. Defendant also objects to this interrogatory because no
protective order is in place.

Defendant objects to this request because it seeks confidential information related to
Palantir's products and trade secrets.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and
unduly burdensome as to the terms "process by which Palantir developed," "contribution to the
development," "reviewed, analyzed, manipulated, or reverse engineered," and "use" as these
terms are susceptible to multiple interpretations.

Defendant objects to this interrogatory as compound because it contains discrete subparts
that require separate, distinct and multiple responses. Specifically, this interrogatory asks for
information regarding two potentially separate processes: the development of Palantir's
Analyst's Notebook data importer and iBaseCrawl software. For each of these processes,
Plaintiff requests six distinct categories of information: (i) each person involved in the
development; (2) each person's role, general duties, and contribution to the development; (iii) the

14

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

time period of the development; (iv) any of i2's data, code, or documentation that was reviewed, analyzed, manipulated, or reverse engineered in the process, (v) any data or information obtained from a current or former i2 customer for use during the development period; and (vi) a description of each process. This constitutes at least twelve discrete subparts. Each discrete subpart to this compound interrogatory will be individually counted against the limits imposed by the Fed. R. Civ. P. 33(a)(1) and this Court.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving its objections, and based upon information currently known, Palantir responds as follows:

The Analyst's Notebook import functionality ("ANB Import") was developed from in or around the fall of 2007 through 2009. The process commenced when Palantir employee Dan Woods built a standalone prototype that would read a file saved by Analyst's Notebook and then save the data found in that file as a Palantir XML file. Woods reviewed i2 documentation in order to help determine the proper APIs from the Analyst's Notebook software to call in order to obtain the data that had been stored using ANB software. This was a standalone program, written in Visual Basic, and not a part of the Palantir software platform. Thereafter, Palantir employee Khan Tasinga replicated the functionality that Woods had created, developing a Java version of the program previously written by Woods, which Palantir employee David Cohen integrated into the Palantir platform. Like Woods, Tasinga and Cohen also reviewed i2 documentation to help determine the proper APIs from the Analyst's Notebook software to call in order to obtain the data that had been stored using ANB. While writing the code, the Analyst's Notebook software was used for purposes of creating sample charts to determine whether the functionality was performing correctly. Cohen then took over maintenance of this ANB Import functionality, testing the functionality to ensure that it would work with newer

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

versions of i2's Analysts Notebook software.

The iBaseCrawl functionality was developed from in or about April of 2007 and into 2008. It was created by Palantir employee Eric Porter. In order to create the iBaseCrawl functionality, Porter examined a sample iBase database included with the iBase software using industry standard SQL tools. Mr. Porter wrote the iBaseCrawl functionality in a manner that properly extracted the sample data from the sample iBase database. This extraction of data was accomplished using the Java Database Connectivity (JDBC) driver for Microsoft SQL Server.

**INTERROGATORY NO. 7:**

Identify every communication initiated by Palantir or its employees with i2, including any communications regarding licenses, software properties and support, and webinars and conferences.

**OBJECTION TO INTERROGATORY NO. 7:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome as to the term "identify" because Plaintiff has not include a description of what that term means in relation to "communication[s]" and is, therefore, susceptible to multiple interpretations.

Defendant also objects to this request as overly broad because Plaintiffs' claims do not contain any allegations regarding communication between i2 and Palantir.

Defendant objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct,

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

and multiple responses. Palantir also objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that is still investigating this request and will produce any documents reflecting written communications initiated by Palantir or its employees with i2 to the extent such documents exist. Though it is possible that other communications may have occurred between various Palantir and i2 employees at various times during conferences and other events, Palantir is aware that Shyam Sankar filled out a form that would have been communicated to i2 in order to register for and attend one i2 user conference in 2006 and has had oral communications with service representative for i2 relating to orders for i2 software beginning in 2006, and that Dr. Asher Sinensky has initiated communications with i2 in the course of registering for a 2010 webinar.

**INTERROGATORY NO. 8:**

State whether Palantir has ever had access to or used or copied the i2 Analyst's Notebook, Analyst's Notebook SDK, iBase SSE application, or iBase SSE Designer at any time, and, if the answer is yes, the [sic] describe details of that access, use or copying.

**OBJECTION TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER

and/or any other applicable privilege, protection, or right afforded by state or federal law.
Defendant also objects to this interrogatory to the extent it calls for confidential communications
with attorneys to provide legal advice or information prepared at the direction of counsel after
the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information
pertaining to a third party, information subject to a non-disclosure agreement, and/or information
classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or
otherwise protected from disclosure. Defendant also objects to this interrogatory because no
protective order is in place.

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and
neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the
extent it calls for information regarding information regarding any access to the i2 materials
listed above.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and
unduly burdensome as to the terms "access to," "copied," and "used" as these terms are
susceptible to multiple interpretations.

Defendant objects to this interrogatory as compound because it contains discrete subparts
that require separate, distinct and multiple responses. Specifically, this Interrogatory asks
Palantir to state if it ever had access to, used, or copied four different i2 software products "at
any time, and if so, it asks for Palantir to "describe details of that access, use or copying." This
constitutes at least six discrete subparts. Each discrete subpart to this compound interrogatory
will be individually counted against the limits imposed by the Fed. R. Civ. P. 33(a)(1) and this
Court.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope
on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not
relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing

18

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete

subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving its objections and based upon information currently

known, Palantir responds that the following Palantir employees have had access to i2 software:

Aaron Zollman, Adam Horner, Adam Judelson, Akash Jain, Andrew Miller, Anne Ryan, Asher

Sinensky, Brandon Wright, Bryan Knight, Carl Freeland, Chris Lee, Christina Pok, David

Carlisle, David Chiu, David Cohen, David Kyo, Dan Woods, David Worn, Eric Porter, Eric

Wong, Evan Marshak, Gabe Rosen, Gregory Barbaccia, Henry Tran, Huey Kwik, Jason Payne,

Jennifer Leung, John Boyt, John Kozlowski, Joshua Lederman, Kevin Richards, Kevin Rothwell,

Kevin Stewart, Keyur Parikh, Khan Tasinga, Kimmy Richardson, Kori Oliver, Luke Ivers, Mark

Green, Matt Grimm, Matt Gordon, Mike Shafer, Nathan Gettings, Patrick Dunn, Paul Hadjy,

Paul Ryan, Robert Yan, Robin Lim, Saad Abdali, Sara Magnuson, Scott Stevson, Shannon Scott,

Shreyas Vijaykumar, Shyam Sankar, Stephen Cohen, Tim Nguyen, Toan Ton, Todd Weber,

Tony Nassar, Tri Tang, Trae Stephens, Winnie Chai, Will Barley, and Zennard Sun. Palantir's

employees accessed i2's software beginning in 2006 in order to meet the needs of Palantir clients

who required interoperability between i2 products and the Palantir platform in order to, among

other things, safeguard national security. Palantir also understands that some of these employees

have likely had access to i2 software only when they were working at client locations. A number

of physical copies of i2 software were made, but those are no longer in Palantir's possession as

they were returned to i2 according to the Stipulation and Order dated August 24, 2010.

**INTERROGATORY NO. 9:**

Identify each customer who has purchased Palantir software containing the Analyst's

Notebook data importer and iBaseCrawl importer.

**OBJECTION TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory to the extent it seeks to elicit information

protected by the attorney-client privilege, the work-product doctrine, joint defense privilege,

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information pertaining to a third party, information subject to a non-disclosure agreement, and/or information classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or otherwise protected from disclosure. Defendant also objects to this interrogatory because no protective order is in place.

Defendant also objects to this interrogatory as vague and ambiguous as to the term "customer," as it is unclear whose "customer" the interrogatory refers. Should Palantir respond to this request, it will assume "customer" mean "Palantir customer."

Palantir objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. Palantir also objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 9:**

**THE FOLLOWING RESPONSE IS DESIGNATED "FOR LITIGATING COUNSEL EYES ONLY" PURSUANT TO THE PARTIES' PROTECTIVE ORDER:**

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**



**END "FOR LITIGATING COUNSEL EYES ONLY" DESIGNATION.**

## INTERROGATORY NO. 10:

Identify each of Palantir's technology partners and/or business partners who have or have

had access to Palantir's Analyst's Notebook data importer and iBaseCrawl importer.

## OBJECTION TO INTERROGATORY NO. 10:

Defendant objects to this interrogatory to the extent it seeks to elicit information

protected by the attorney-client privilege, the work-product doctrine, joint defense privilege,

and/or any other applicable privilege, protection, or right afforded by state or federal law.

Defendant also objects to this interrogatory to the extent it calls for confidential communications

with attorneys to provide legal advice or information prepared at the direction of counsel after

the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information

pertaining to a third party, information subject to a non-disclosure agreement, and/or information

classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or

otherwise protected from disclosure. Defendant also objects to this interrogatory because no

protective order is in place.

Defendant also objects to this interrogatory as vague and ambiguous as to the term

"technology partners and/or business partners." It is unclear what entities Plaintiffs believe fall

CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

into that category.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome as to the term "access to" as that term is susceptible to multiple interpretations.

Palantir objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. In particular, Palantir objects to Plaintiffs' attempt to elicit information regarding individual's relationship to Palantir as impermissibly compound, as it constitutes information that is distinct from information that is used to identify individuals. Palantir also objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 10:**

**THE FOLLOWING RESPONSE IS DESIGNATED "FOR LITIGATING COUNSEL EYES ONLY" PURSUANT TO THE PARTIES' PROTECTIVE ORDER:**

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**



**END "FOR LITIGATING COUNSEL EYES ONLY" DESIGNATION.**

## INTERROGATORY NO. 11:

Describe with particularity Palantir's discontinuation of its iBaseCrawl software, including any reasons that Palantir considered discontinuing or in fact discontinued Palantir's iBaseCrawl software and the current state and use of Palantir's iBaseCrawl software.

## OBJECTION TO INTERROGATORY NO. 11:

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant objects to this interrogatory as it asks Defendant to assume facts not in evidence. Defendant further objects to this interrogatory to the extent it seeks information that is not in Defendant's possession, custody, or control. In particular, Defendant objects to this interrogatory because it improperly asks Palantir to "[d]escribe" the "current state and use" of iBaseCrawl software, which may involve use by third parties unknown to Palantir. As such, this interrogatory impermissibly seeks to impose duties and obligations on Defendant that are not contemplated by the Federal Rules or the Local Rules.

Defendant objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, this Interrogatory asks for (i)

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

a description of "Palantir's discontinuation of its iBaseCrawl Software"; (ii) the reasons that

Palantir "considered discontinuing" iBaseCrawl Software; (iii) the reasons that Palantir "in fact

discontinued" iBaseCrawl software; and (iv) "the current state and use of" iBaseCrawl software.

This constitutes at least four discrete subparts. Each discrete subpart to this compound

interrogatory will be individually counted against the limits imposed by the Fed. R. Civ. P.

.33(a)(1) and this Court.

    Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing

as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete

subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 11:**



**INTERROGATORY NO. 12:**

    Identify and describe with particularity each computer (by serial number or other

information sufficient to identify the precise computer) or computer network (including the

precise location of each computer or server that is part of the network) onto which Palantir

downloaded or made a copy of any i2 product at any time, even if no longer existing on that

computer or network.

**OBJECTION TO INTERROGATORY NO. 12:**

    Defendant objects to this interrogatory to the extent it seeks to elicit information

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome because the term "identify and describe" is susceptible to multiple interpretations.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that i2 software was found on computers bearing the following serial numbers and/or service tags: 35DPQ71, 2NSX8G1, CXCZRK1, D48QRK1, 70182104343, G72H6D1, G72H6D1, B8ND5H1, CHTSGK1, 7XCZRK1, 7L8QRK1, 5TJJ9G1, 2ZR3JD1, 1RG00G1, DTJJ9G1, F5W2GG1, 6J620M1, GQG00G1, G89051P6XYL, 3XDKYF1, CM6KYK1, and HK620M1.  Palantir further responds that i2 software was found on the following servers: pg-bd-win-01 (9FR4DD1), pg-anb-01 (J6D4P71), and pg-anb-02 (46D4P71).

**INTERROGATORY NO. 13:**

Identify and describe with particularity any occasion in which Palantir attempted to obtain a license for any i2 software directly from i2, including the date of each attempt, the persons involved in each attempt, and the result of each attempt.

**OBJECTION TO INTERROGATORY NO. 13:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome because the term "identify and describe" is susceptible to multiple interpretations.

Defendant objects to this interrogatory as it asks Defendant to assume facts not in evidence.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that several Palantir employees may have attempted to obtain, and obtained, licenses for i2 software directly from i2 when downloading i2's free ChartReader program. Download of the ChartReader program granted the individuals downloading the software licenses to use that free software. Palantir does not have a list of such downloads that have taken place.

**INTERROGATORY NO. 14:**

Describe with particularity any statements Palantir made publicly or to prospective, current, or former customers about i2 relating to i2's software, including the substance of such statement, the date, the speaker, and the form of the communication.

**OBJECTION TO INTERROGATORY NO. 14:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

with attorneys to provide legal advice or information prepared at the direction of counsel after
the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information
pertaining to a third party, information subject to a non-disclosure agreement, and/or information
classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or
otherwise protected from disclosure. Defendant also objects to this interrogatory because no
protective order is in place.

Defendant further objects to this interrogatory to the extent it seeks information that is
within Plaintiff's possession, custody, or control, or that are equally or more accessible to
Plaintiff than to Defendant. For example, any public statements or press release made by
Palantir are publicly available and are as accessible to Plaintiff as they are to Palantir.

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and
neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. There
is no claim or allegation in Plaintiffs' complaint that any statement by Palantir regarding i2 was
unlawful.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope
on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not
relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing
as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete
subparts allowed under Fed. R. Civ. P. 33(a)(1).

## RESPONSE TO INTERROGATORY NO. 14:

Subject to and without waiving its objections and based upon information currently
known, Palantir responds that it will produce documents reflecting any written statements
Palantir made publicly or to prospective, current, or former customers about i2 relating to i2's
software. Regarding oral communications relating to i2 or i2's software, Palantir responds that
Palantir and its employees frequently discussed with customers the needs of intelligence, law

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY
PURSUANT TO PROTECTIVE ORDER**

enforcement, military and regulatory analysts to be able to integrate the various data sources they use to better understand disparate data by looking at it in one place and the analysts' needs for interoperability in order to, among other things, promote national security.

**INTERROGATORY NO. 15:**

Identify all persons with knowledge of the subject matter of this lawsuit and the general areas of their knowledge.

**OBJECTION TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant also objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome because the term "subject matter of this lawsuit" is susceptible to multiple interpretations. For example, i2 issued a media advisory upon filing its complaint, and posted this advisory on its company web page, thus making the "subject matter of the lawsuit" known by anyone who received or reviewed that document. Palantir cannot be expected to know all individuals who accessed that media advisory, and there is no obligation under the Federal Rules for Palantir to conduct an investigation to determine who as "knowledge of the subject matter" of this lawsuit" due to i2's public relations strategy.

Moreover, to the extent the term "subject matter of this lawsuit" refers to the factual allegations made in Plaintiff's 38-page, 121-paragraph complaint, it is compound, overly broad, and unduly burdensome. Specifically, this Interrogatory asks Palantir to identify which individuals have knowledge as to each fact alleged in the complaint, and for each identified person, state the "general areas of their knowledge." This constitutes at least two discrete subparts for each factual allegation. Each discrete subpart to this compound interrogatory will be

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

individually counted against the limits imposed by the Fed. R. Civ. P. 33(a)(1) and this Court.

Defendant also objects to this interrogatory as an impermissible attempt by Plaintiffs to impose a burden and duty on Defendant much broader than that contemplated by Federal Rule of Civil Procedure 26.

Palantir objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. In particular, Palantir objects to Plaintiffs' attempt to elicit information regarding individual's relationship to Palantir as impermissibly compound, as it constitutes information that is distinct from information that is used to identify individuals. Palantir also objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving its objections and based upon information currently known, Palantir responds that individuals who may have knowledge of the subject matter of this lawsuit would include i2's employees (including at least Anthony Carty, Bob Griffin, Chuck Izzo, John Parker, Martin Scruggs, Wojciech Wyzga, and Yonnie Nania), Palantir's employees (including Aaron Zollman, Adam Horner, Adam Judelson, Akash Jain, Andrew Miller, Anne Ryan, Asher Sinensky, Brandon Wright, Bryan Knight, Carl Freeland, Chris Lee, Christina Pok, David Carlisle, David Chiu, David Cohen, David Kyo, Dan Woods, David Worn, Eric Porter, Eric Wong, Evan Marshak, Gabe Rosen, Gregory Barbaccia, Henry Tran, Huey Kwik, Jason Payne, Jennifer Leung, John Boyt, John Kozlowski, Joshua Lederman, Kevin Richards, Kevin Rothwell, Kevin Stewart, Keyur Parikh, Khan Tasinga, Kimmy Richardson, Kori Oliver, Luke

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

Ivers, Mark Green, Matt Grimm, Matt Gordon, Mike Shafer, Nathan Gettings, Patrick Dunn, Paul Hadjy, Paul Ryan, Robert Yan, Robin Lim, Saad Abdali, Sara Magnuson, Scott Stevson, Shannon Scott, Shreyas Vijaykumar, Shyam Sankar, Stephen Cohen, Tim Nguyen, Toan Ton, Todd Weber, Tony Nassar, Tri Tang, Trae Stephens, Winnie Chai, Will Barley, and Zennard Sun), and intelligence and law enforcement customers of i2's products. Such individuals would be aware of the interoperability issues between i2's products and Palantir's application, which are the focus of i2's lawsuit. Palantir further responds that Nochur Sankar and Shyam Sankar are individuals with knowledge of SRS Enterprises' purchase of i2 products.

**INTERROGATORY NO. 16:**

Identify all customers of Palantir that Palantir is aware were already suing [sic] i2's software at the time Palantir made its initial sales to such customer.

**OBJECTION TO INTERROGATORY NO. 16:**

Defendant objects to this interrogatory to the extent it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, joint defense privilege, and/or any other applicable privilege, protection, or right afforded by state or federal law. Defendant also objects to this interrogatory to the extent it calls for confidential communications with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information pertaining to a third party, information subject to a non-disclosure agreement, and/or information classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or otherwise protected from disclosure. Defendant also objects to this interrogatory because no protective order is in place.

Palantir objects to the definition of the term "identify" as overly broad, unduly burdensome, vague and ambiguous, and oppressive. Palantir further objects to this definition to the extent it renders an interrogatory impermissibly compound by asking for separate, distinct, and multiple responses. In particular, Palantir objects to Plaintiffs' attempt to elicit information

CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

regarding individual's relationship to Palantir as impermissibly compound, as it constitutes

information that is distinct from information that is used to identify individuals.  Palantir also

objects to this term to the extent it seeks to impose obligations and demands on Palantir beyond

those contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local

Rules.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope

on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not

relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing

as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete

subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY 16:**

**THE FOLLOWING RESPONSE IS DESIGNATED "FOR LITIGATING**

**COUNSEL EYES ONLY" PURSUANT TO THE PARTIES' PROTECTIVE ORDER:**



**END "FOR LITIGATING COUNSEL EYES ONLY" DESIGNATION.**

**INTERROGATORY NO. 17:**

Describe with particularity Palantir's policies and procedures that it follows for the

protection of the confidential information and trade secrets of both Palantir and third parties.

**OBJECTION TO INTERROGATORY NO. 17:**

Defendant objects to this interrogatory to the extent it seeks to elicit information

protected by the attorney-client privilege, the work-product doctrine, joint defense privilege,

and/or any other applicable privilege, protection, or right afforded by state or federal law.

Defendant also objects to this interrogatory to the extent it calls for confidential communications

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

with attorneys to provide legal advice or information prepared at the direction of counsel after the date of the Complaint in this action.

Defendant objects to this interrogatory to the extent it seeks confidential information pertaining to a third party, information subject to a non-disclosure agreement, and/or information classified as "Top Secret," "Secret," "For Official Use Only," "Law Enforcement Sensitive" or otherwise protected from disclosure. Defendant also objects to this interrogatory because no protective order is in place.

Defendant objects to this request because it seeks confidential information related to Palantir's products and trade secrets.

Defendant further objects to this interrogatory as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as there is no claim or allegation in Plaintiffs' complaint regarding Palantir's policies and procedures regarding confidentiality and/or trade secrets.

Defendant objects to this interrogatory to the extent that it is unlimited in time or scope on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

Defendant objects to this interrogatory as unduly burdensome, oppressive, and harassing as Plaintiffs' First Set of Interrogatories exceeds the number of interrogatories, including discrete subparts allowed under Fed. R. Civ. P. 33(a)(1).

**RESPONSE TO INTERROGATORY NO. 17:**



CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**DESIGNATED FOR LITIGATING COUNSEL EYES ONLY**
**PURSUANT TO PROTECTIVE ORDER**

Dated: October 7, 2010

WILMER CUTLER PICKERING HALE
AND DORR LLP

By: *Gene Paige / Ben Berkowitz*

Carl Nichols, VSB No. 43065
D. Bradford Hardin, Jr., VSB No. 76812
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663 6363
Email: carl.nichols@wilmerhale.com
Email: Bradford.Hardin@wilmerhale.com

Of Counsel:

John W. Keker, admitted *pro hac vice*
Elliot R. Peters, admitted *pro hac vice*
Jon B. Streeter, admitted *pro hac vice*
Eugene M. Paige, admitted *pro hac vice*
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email:     jkeker@kvn.com
Email:     epeters@kvn.com
Email:     jbs@kvn.com
Email:     emp@kvn.com

**Attorneys for Defendants**
**PALANTIR TECHNOLOGIES, INC.,**
**SHYAM SANKAR, and DR. ASHER**
**SINENSKY**

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

## VERIFICATION AS TO ANSWERS

I, Jason Payne, declare:

I am authorized to make this verification on behalf of Palantir Technologies, Inc. ("Palantir"). I have read the foregoing DEFENDANT PALANTIR TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as these matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in the foregoing DEFENDANT PALANTIR TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 6th day of Oct , 2010, in Kabul, Afghanstn, United States.

By: _____

JASON PAYNE

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 710 Sansome Street, San Francisco, California 94111.

On October 7, 2010, I served the following documents:

**DEFENDANT PALANTIR TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| Christopher J. Sundermeier<br>Mark F. Lambert<br>Neha M. Marathe<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130 | *Attorneys for Plaintiff i2, Inc. and i2 Limited* |
| Robert R. Vieth<br>MaryBeth W. Shreiner<br>COOLEY LLP<br>One Freedom Square | Reston Town Center<br>11951 Freedom Drive<br>Reston, VA 20190-5656 | *Attorneys for Plaintiff i2, Inc. and i2 Limited* |
| Warren E. Zirkle<br>Robert M. Tyler<br>Anand V. Ramana<br>McGUIREWOODS LLP<br>1750 Tysons Boulevard, Suite 1800<br>McLean, VA 22102 | *Attorneys for Co Defendants Nochur Sankar and SRS Enterprises, LLC* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 7, 2010, at San Francisco, California.

*Julie Selby*

Julie A. Selby

---

Proof of Service
Civil Action No. 1:10-cv-00885-LO-JFA

510217.01