# EXHIBIT 9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| i2 INC., a Delaware corporation; and i2 LIMITED, a British limited company registered in England and Wales,<br><br>              Plaintiffs,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC., a Delaware corporation; SHYAM SANKAR, an individual; DR. ASHER SINENSKY, an individual; SRS ENTERPRISES, LLC, a Florida limited liability company; and NOCHUR SANKAR, an individual,<br><br>              Defendants. | Civil Action No. 1:10-cv-00885-LO-JFA |

**DEFENDANT PALANTIR TECHNOLOGIES, INC.'S
REQUESTS FOR PRODUCTION TO PLAINTIFFS i2 INC. AND i2 LIMITED, SET ONE**

PROPOUNDING PARTY:    PALANTIR TECHNOLOGIES, INC.

RESPONDING PARTIES:    i2 INC. and i2 LIMITED

SET NUMBER:    SET ONE

      In accordance with Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, Defendant Palantir Technologies, Inc. requests Plaintiffs i2 Inc. and i2 Limited (collectively "i2") to produce for inspection and copying the documents and other tangible things described below. The documents shall be produced for inspection and copying at the offices of Keker & Van Nest LLP, 710 Sansome Street, San Francisco, California 94111, or at such other place as counsel for the parties shall mutually agree, within 30 days of

510225.01

1

service of these requests.

## DEFINITIONS

1. "YOU," "YOUR," and "i2" each refer collectively to Plaintiffs i2 Inc. and i2 Limited, and/or their present and former directors, officers, employees, representatives, predecessors or successors in interest, parents, subsidiaries, affiliated entities, agents, PERSON(S) acting on behalf of either or both of them or on whose behalf either or both of them acted, PERSON(S) subject to the control of or which control either or both of them, and/or PERSON(S) with which either or both of them are under common control.

2. The term "PALANTIR" refers to Defendant Palantir Technologies, Inc.

3. The term "PERSON(S)" includes any individual, firm, proprietorship, partnership, association, joint venture, corporation, governmental agency, other entity, or combination of any of the above.

4. The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded matter, and all "writings" as defined in Federal Rule of Evidence 1001, however produced or reproduced, whether stored electronically or in hard copy.

5. The terms "THIRD PARTY" and "THIRD PARTIES" shall mean any PERSON other than i2 or PALANTIR, including without limitation customers, potential customers, lenders, creditors, potential lenders, potential creditors, licensors, potential licensors, licensees, potential licensees, investment analysts, media outlets, development partners, and joint venturers.

6. The term "COMMUNICATION(S)" means any transmission of information from one person or entity to another over any medium, including without limitation letters, memoranda, messages sent to or received from a wireless device, or electronic mail.

7. The term "THING(s)" means any tangible item that is not a DOCUMENT.

8. The term "RELATING TO" shall mean, but not be limited to, containing, concerning, showing, relating, referring, reflecting, evidencing, describing, constituting,

supporting, or pertaining in any way, directly or indirectly, to the subject matter of the request, including, without limitation, all things supporting, underlying, explaining, or at any time attached, annexed or appended to or used in the preparation of, and all drafts of, any documents identified herein.

9. The term "i2 INFORMATION" means the non-public information, know-how, technology or trade secrets i2 claims to own or have developed.

10. The term "PALANTIR PRODUCT" means any software made available by PALANTIR, including without limitation the applications known as Palantir Government and Palantir Finance.

11. The term "i2 PRODUCT" means any software made available by i2, including without limitation Analyst's Notebook, iBase, Analyst's Notebook SDK, iBase SSE Designer, and/or i2 STL, as well as any hardware required to make that software operate (i.e., dongles).

12. The terms "INTEROPERABLE" and "INTEROPERABILITY" shall refer to the ability of a software platform to export data to, or import data from, files used by another software platform.

13. The term "PARKER DECLARATION" shall mean the Declaration of John Parker, dated August 11, 2010, filed as Document No. 10 in this litigation.

14. The term "CARTY DECLARATION" shall mean the Declaration of Anthony Carty, dated August 11, 2010, filed as Document No. 9 in this litigation.

15. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.

16. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. In answering these requests, YOU must furnish all DOCUMENTS and THINGS that are available to YOU, not merely such DOCUMENTS and THINGS as the persons preparing the responses are aware of through their own personal knowledge. This includes without limitation DOCUMENTS and THINGS in the possession of YOUR attorneys, employees, or other persons directly or indirectly employed by or connected with YOU or YOUR attorneys or consultants, or anyone acting on YOUR behalf or otherwise subject to YOUR control. YOU must make a diligent search of YOUR records or of other papers and materials in YOUR possession or in the possession of YOUR employees, attorneys, consultants, or other representatives.

2. YOU are required either to produce all DOCUMENTS and THINGS in the manner, form and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS and THINGS, or to organize and label all DOCUMENTS and THINGS to correspond with the Request to which they are responsive, as required by Federal Rule of Civil Procedure 34(b).

3. If YOU cannot respond to a Request fully, after a diligent attempt to obtain the requested information, YOU must respond to the Request to the extent possible, specify the portion of the Request to which YOU are unable to respond, and provide whatever information YOU have regarding the portion to which YOU are not responding.

4. In the event that any DOCUMENT called for by the Requests has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

5. In the event any information is withheld on a claim of attorney-client privilege, work product immunity, or other allegedly applicable privilege or immunity, YOU shall provide

a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and all persons to whom the withheld DOCUMENT or the information contained in the withheld DOCUMENT has been disclosed, such as would enable the privilege or immunity claim to be adjudicated, and a citation to any authority YOU assert supports any claim of privilege or immunity.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and THINGS RELATING TO the INTEROPERABILITY of i2 PRODUCTS and PALANTIR PRODUCTS.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and THINGS RELATING TO the INTEROPERABILITY of i2 PRODUCTS and any THIRD PARTY products.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and THINGS RELATING TO COMMUNICATIONS with any THIRD PARTY regarding INTEROPERABILITY of i2 PRODUCTS with any PALANTIR PRODUCTS or THIRD PARTY products.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and THINGS RELATING TO any request or requirement by any potential or existing customer that any i2 PRODUCT be INTEROPERABLE with any PALANTIR PRODUCT or product of any THIRD PARTY.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and THINGS discussing the APIs for any i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and THINGS RELATING TO any COMMUNICATIONS indicating that customers have provided PALANTIR with access to i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and THINGS RELATING TO any steps that YOU have taken to prevent reverse engineering of i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and THINGS RELATING TO any steps that YOU have taken to prevent the use of i2 PRODUCTS in violation of the terms of YOUR licensing agreements for i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and THINGS RELATING TO the development or creation of any i2 INFORMATION that YOU claim to have been misappropriated by any defendant in this case.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of all manuals, product specifications, and training materials for each i2 PRODUCT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and THINGS RELATING TO public videos demonstrating the claimed ability of PALANTIR PRODUCTS to interface with i2 PRODUCTS, as discussed in paragraph 35 of the PARKER DECLARATION.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and THINGS RELATING TO public statements made by PALANTIR on which i2 bases the conclusion contained in paragraph 46 of the PARKER DECLARATION that PALANTIR used i2 PRODUCTS to develop its data importing features and utilities.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and THINGS RELATING TO the YouTube video discussed in paragraph 48 of the PARKER DECLARATION.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and THINGS RELATING TO any discussion of i2's concerns that

PALANTIR had somehow obtained access to i2 PRODUCTS, as set forth in paragraph 52 of the PARKER DECLARATION.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and THINGS RELATING TO i2's conclusion that PALANTIR must have had access to the Analyst's Notebook SDK, as set forth in paragraph 52 of the PARKER DECLARATION.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and THINGS RELATING TO any identified sales that i2 claims to have lost to PALANTIR, as discussed in paragraph 60 of the PARKER DECLARATION.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and THINGS RELATING TO the purchases alleged to have occurred in paragraphs 4 through 25 of the CARTY DECLARATION.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and THINGS RELATING TO the June 20, 2008, CORE Lab Workshop at the Naval Postgraduate School, including without limitation all notes, reports, and/or summaries of the information presented at the Workshop.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and THINGS RELATING TO any attempt, successful or otherwise, by i2 to obtain PALANTIR PRODUCTS or obtain access to PALANTIR PRODUCTS.

**REQUEST FOR PRODUCTION NO. 20:**

The source code for all i2 PRODUCTS that i2 contends were improperly utilized by PALANTIR to develop PALANTIR PRODUCTS or otherwise compete with i2.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and THINGS RELATING TO the terms under which i2 has licensed any i2 PRODUCTS to any governmental entity, including without limitation GSA schedule contracts and Canadian government contracts.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and THINGS comprising or identifying the terms under which i2 has disclosed i2 INFORMATION to each foreign, federal, state or local government entity to whom i2 has disclosed any piece of i2 INFORMATION.

**REQUEST FOR PRODUCTION NO. 23:**

All licensing, sublicensing, technology transfer, or technology development agreements between i2 and any THIRD PARTY disclosing, revealing, describing, or otherwise showing any i2 INFORMATION.

**REQUEST FOR PRODUCTION NO. 24:**

A copy of each license granted by i2 to any THIRD PARTY for any i2 PRODUCT, including without limitation Analyst's Notebook, iBase, Analyst's Notebook SDK, iBase SSE Designer, and/or i2 STL.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to show all persons who have developed or assisted in developing i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 26:**

A copy of each form of confidentiality agreement executed between i2 and its employees, and DOCUMENTS and THINGS sufficient to show the circumstances under which each form is or was used.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and THINGS RELATING TO, constituting, or evidencing any presentations, prospectuses, business plans, strategic plans, business forecasts, product or technology roadmaps, time lines, programs of action, white papers, memoranda, financial reports or statements, investor updates, or other reports or disclosures provided by i2 to any THIRD PARTY that discuss, constitute, or reveal any item of i2 INFORMATION.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS with any THIRD PARTY prior to filing this lawsuit

(including on the day the lawsuit was filed but before the actual filing) regarding anticipated or contemplated legal action against PALANTIR.

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS with any THIRD PARTY at any time about the complaint filed in this lawsuit, including any communications about customers, government personnel, and/or the media.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and THINGS RELATING TO i2's dissemination of the complaint, including but not limited to plans, emails, records of recipients, dates, and times disseminated.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and THINGS RELATING TO any contacts between Martin Scruggs and PALANTIR.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATED TO any instance in which any i2 employee, officer, director, or agent, during the time period during which that PERSON was an employee, officer, director, or agent of i2, obtained or requested any information about or from PALANTIR under any name other than his own name or claiming to have any company affiliation other than with i2.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATED TO any instance where any i2 employee, officer, director, or agent, during the time period during which that PERSON was an employee, officer, director, or agent of i2, obtained or requested any information about or from any THIRD PARTY under any name other than his own name or claiming to have any company affiliation other than with i2.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to show the profits i2 has obtained from selling any i2 PRODUCT.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to show the revenues i2 has obtained from selling any i2 PRODUCT.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and THINGS comprising YOUR financial statements, including income statements, balance sheets, consolidated versions of any income statement or balance sheet, and notes to any of the aforementioned types of accounting documents.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to show YOUR costs of sales, general and administrative costs, research and development costs, leasing and other real-estate related costs, product development costs, rates of taxation, extraordinary charges, reserves charges, and any other accounting category or metric that YOU use in calculating YOUR profits.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and THINGS RELATING TO i2's share of the market(s) for any i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and THINGS RELATING TO competition in the market(s) in which YOU compete.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATING TO any customer of i2 from whom i2 claims it has lost business or revenue due to the conduct alleged in the complaint in this action, including but not limited to internal COMMUNICATIONS, COMMUNICATIONS with the customer, invoices, records of payment and written agreements.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS AND THINGS RELATING TO i2's price lists, pricing plans, pricing policies, pricing forecasts, pricing strategies, pricing analyses, average selling prices, and pricing decisions for i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and THINGS provided to Silverlake Partners as part of due diligence on its acquisition of i2.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and THINGS RELATING TO i2's policies and actual practices regarding publication of i2 webinars.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS and THINGS RELATING TO the dates of first public use of any of the icons that i2 contends PALANTIR has copied.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and THINGS RELATING TO YOUR business dealings with the Los Angeles Sheriff's Department.

**REQUEST FOR PRODUCTION NO. 46:**

DOCUMENTS sufficient to show all of i2's current, former, and potential customers.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and THINGS RELATING TO the competitive threat posed to YOU by PALANTIR, including any DOCUMENTS and THINGS in YOUR possession, custody, or control addressing why any customer chose or may have chosen a PALANTIR PRODUCT instead of an i2 PRODUCT, and any plans, tactics or strategies considered by YOU to meet competition from PALANTIR.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and THINGS RELATING TO projections of sales for i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS and THINGS RELATING TO the impact that INTEROPERABILITY between i2 PRODUCTS and PALANTIR PRODUCTS has on YOUR financial position.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show all THIRD PARTY products YOU consider to be competitive with i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS sufficient to show all THIRD PARTY products YOU consider to be substitutes for i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS and THINGS RELATING TO information about PALANTIR or PALANTIR PRODUCTS that i2 and/or COPLINK obtained under the nondisclosure agreement between PALANTIR and Knowledge Computing Corporation.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS and THINGS RELATING TO any market intelligence on, market tracking of, or any other method of monitoring the business performance of PALANTIR or PALANTIR PRODUCTS.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and THINGS RELATING TO any planning or projects undertaken by YOU to develop updates, new features, or enhancements to any i2 PRODUCTS in order to meet competition from PALANTIR or any THIRD PARTY.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS and THINGS RELATING TO any efforts by YOU to copy or to create something similar to any features of any PALANTIR PRODUCTS, the look-and-feel of any PALANTIR PRODUCTS, the user interface of any PALANTIR PRODUCTS, or the user experience of any PALANTIR PRODUCTS.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS and THINGS RELATING TO any copyright registrations that cover any aspect of an i2 PRODUCT.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and THINGS RELATING TO any attempt to obtain a patent on i2 INFORMATION or i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS and THINGS RELATING TO any patents that you have obtained on i2 INFORMATION or i2 PRODUCTS.

**REQUEST FOR PRODUCTION NO. 59:**

DOCUMENTS sufficient to show the relationship between i2 Limited, i2 Holdings Limited, and i2, Inc.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS and THINGS constituting organization charts for i2 Limited, i2 Holdings Limited, and i2, Inc.

Dated: August 30, 2010

WILMER CUTLER PICKERING HALE AND DORR LLP

By: _____
Carl Nichols, VSB No. 43065
D. Bradford Hardin, Jr., VSB No. 76812
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:    (202) 663-6000
Facsimile:     (202) 663 6363
Email: carl.nichols@wilmerhale.com
Email: Bradford.Hardin@wilmerhale.com

Of Counsel:

John W. Keker, *pro hac vice* pending
Elliot R. Peters, *pro hac vice* pending
Jeffrey R. Chanin, *pro hac vice* pending
Jon B. Streeter, *pro hac vice* pending
Eugene M. Paige, *pro hac vice* pending
Melissa J. Miksch, *pro hac vice* pending
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188
Email:   jkeker@kvn.com
Email:   epeters@kvn.com
Email:   jchanin@kvn.com
Email:   jbs@kvn.com
Email:   emp@kvn.com
Email:   mmiksch@kvn.com

**Attorneys for Defendants
PALANTIR TECHNOLOGIES, INC.,
SHYAM SANKAR, and DR. ASHER
SINENSKY**

510225.01

14

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 710 Sansome Street, San Francisco, California 94111.

On August 30, 2010, I served the following documents:

**DEFENDANT PALANTIR TECHNOLOGIES, INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFFS i2 INC. AND i2 LIMITED, SET ONE**

by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from Nationwide Legal, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

| | |
|---|---|
| Christopher J. Sundermeier<br>Mark F. Lambert<br>Neha M. Marathe<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130 | *Attorneys for Plaintiff i2, Inc. and i2 Limited* |

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

| | |
|---|---|
| Robert R. Vieth<br>MaryBeth W. Shreiner<br>COOLEY LLP<br>One Freedom Square \| Reston Town Center<br>11951 Freedom Drive<br>Reston, VA  20190-5656 | *Attorneys for Plaintiff i2, Inc. and i2 Limited* |
| Warren E. Zirkle<br>Robert M. Tyler<br>Anand V. Ramana<br>McGUIREWOODS LLP<br>1750 Tysons Boulevard, Suite 1800<br>McLean, Virginia  22102 | *Attorneys for Co Defendants Nochur Sankar and SRS Enterprises, LLC* |

I, Dorotea de Arco fox, declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 30, 2010, at San Francisco, California.

*[Signature]*

510217.01

Proof of Service
Civil Action No. 1:10-cv-00885-LO-JFA