# EXHIBIT 24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

i2 INC., a Delaware corporation, i2
LIMITED, a British limited company
registered in England and Wales,

        Plaintiffs,

    v.

PALANTIR TECHNOLOGIES, INC., a
Delaware Corporation, SHYAM SANKAR,
an individual, DR. ASHER SINENSKY, an
individual, SRS ENTERPRISES, LLC, a
Florida limited liability company and
NOCHUR SANKAR, an individual,

        Defendants.

**CIVIL ACTION No. 1:10CV885-LO/JFA**

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT PALANTIR TECHNOLOGIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, and Local Rule 26, Plaintiffs i2 Inc. and i2 Limited (collectively "i2"), as their objections to Defendant Palantir Technologies, Inc.'s ("Palantir") Third Set of Requests for Production of Documents ("the Requests"), state the following:

## I.    GENERAL OBJECTIONS.

i2 makes the following general objections, whether or not separately set forth in response to each document request, to each and every instruction, definition, and document request made in the Requests:

    **1.**    i2 objects to the Requests to the extent that they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

**2.**     i2 objects to definition number 1 to the extent it defines "i2," "YOU," and "YOUR" to include "predecessors or successors in interest, parents, subsidiaries, affiliated entities, agents, PERSON(S) acting on behalf of either or both of them or on whose behalf either or both of them acted, PERSON(S) subject to the control of or which either or both of them, and/or PERSONS with which either or both of them are under common control." This definition is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  These Responses assume "i2," "YOU," or "YOUR" means i2 Inc. and i2 Limited.

## II.    SPECIFIC OBJECTIONS.

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, i2 objects specifically to the requests of Palantir's Third Request for Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 78:**

All annual i2 FINANCIAL STATEMENTS from 2006 to the present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 78:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, i2 objects that this request is largely duplicative of Defendant's Request for Production No. 36.  In addition, pursuant to the Court's October 29, 2010 Order regarding Palantir's Motion to Compel, i2's agreement to produce documents showing the revenue, profits and costs related to the development and the sale of the products at issue in this case are sufficient.

**REQUEST FOR PRODUCTION NO. 79:**

All quarterly i2 FINANCIAL STATEMENTS from 2006 to the present.

PLAINTIFFS' OBJECTIONS AND
RESPONSES TO PALANTIR'S THIRD SET
OF REQUESTS FOR PRODUCTION

**OBJECTION TO REQUEST FOR PRODUCTION NO. 79:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Furthermore, i2 objects that this request is largely duplicative of Defendant's Request for Production No. 36.   In addition, pursuant to the Court's October 29, 2010 Order regarding Palantir's Motion to Compel, i2's agreement to produce documents showing the revenue, profits and costs related to the development and the sale of the products at issue in this case are sufficient.

**REQUEST FOR PRODUCTION NO. 80:**

All annual budgets or annual operating plans prepared by i2 from 2006 to the present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 80:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  i2 has already agreed to produce sales projections for the i2 products at issue in response to Palantir's Request for Production No. 48, as well as actual revenues, profits, and costs related to the development and sale of the products at issue.   These documents provide sufficient information for Palantir to analyze damages suffered by i2 as a result of the Palantir's wrongful behavior.

Notwithstanding these objections, i2 is willing to meet and confer regarding an appropriately narrowed scope for this request.

**REQUEST FOR PRODUCTION NO. 81:**

All quarterly management reporting packages provided to i2's Board of Directors for purposes of the Quarterly Business Review, for each quarter from 2006 to the present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 81:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and

**PLAINTIFFS' OBJECTIONS AND
RESPONSES TO PALANTIR'S THIRD SET
OF REQUESTS FOR PRODUCTION**

not reasonably calculated to lead to the discovery of admissible evidence. i2 has already agreed to produce revenues, profits, and costs related to the development and sale of the products at issue, as well as communications with i2 customers relating to the loss of business. These documents provide sufficient information for Palantir to analyze damages suffered by i2 as a result of the Palantir's wrongful behavior.

Notwithstanding these objections, i2 is willing to meet and confer regarding an appropriately narrowed scope for this request.

**REQUEST FOR PRODUCTION NO. 82:**

A copy for each week since 2006 of the "tracker" DOCUMENT that is distributed by i2 among its management personnel on Thursday evenings or Friday mornings.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 82:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. i2 has already agreed to produce sales projections for the i2 products at issue, as well as revenues, profits, and costs related to the development and sale of the products at issue, and communications with i2 customers relating to the loss of business. These documents provide sufficient information for Palantir to analyze damages suffered by i2 as a result of the Palantir's wrongful behavior.

Notwithstanding these objections, i2 is willing to meet and confer regarding an appropriately narrowed scope for this request.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS containing or constituting minutes of meetings at which the "tracker" DOCUMENT that is distributed by i2 among its management personnel every Thursday evening is discussed.

PLAINTIFFS' OBJECTIONS AND
RESPONSES TO PALANTIR'S THIRD SET
OF REQUESTS FOR PRODUCTION

**OBJECTION TO REQUEST FOR PRODUCTION NO. 83:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. i2 has already agreed to produce sales projections for the i2 products at issue in response to Palantir's Request for Production No. 48, as well as revenues, profits, and costs related to the development and sale of the products at issue, and communications with i2 customers relating to the loss of business. These documents provide sufficient information for Palantir to analyze damages suffered by i2 as a result of the Palantir's wrongful behavior.

Notwithstanding these objections, i2 is willing to meet and confer regarding an appropriately narrowed scope for this request.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS or emails sent to or from Wojciech Wyzga regarding the project(s) known as Apollo, Colo, and/or Banksy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 84:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Both the Colo and Banksy projects are not relevant to the present litigation, and Wojciech Wyzga joined i2 after the undertaking of these two projects.

Notwithstanding these objections, i2 will produce emails to and from Wojciech Wyzga which reference the Apollo project.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS discussing the Army's decision not to renew its license with i2 in favor of using a solution provided by another company, including without limitation Overwatch

PLAINTIFFS' OBJECTIONS AND
RESPONSES TO PALANTIR'S THIRD SET
OF REQUESTS FOR PRODUCTION

Systems.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 85:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. i2 has already agreed to produce communications with i2 customers relating to the loss of business.

Notwithstanding these objections, i2 will produce documents concerning the Army's decision not to renew its license with i2.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS discussing or concerning i2's failure to meet its budgeted revenue targets for the years 2006, 2007, 2008, 2009 and 2010 for each of the following products: Analysts' Notebook, Analysts' Notebook SDK, iBase, iBase SSE Designer, and i2 STL.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 86:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. i2 has already agreed to produce sales projections for the i2 products at issue, as well as revenues, profits, and costs related to the development and sale of the products at issue. These documents provide sufficient information for Palantir to analyze damages suffered by i2 as a result of the Palantir's wrongful behavior.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS discussing or concerning i2's sales of any of Analysts' Notebook, Analysts' Notebook SDK, iBase, iBase SSE Designer, and i2 STL to Memex.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 87:**

i2 objects to this request on the grounds that it is overly broad, unduly burdensome, and

PLAINTIFFS' OBJECTIONS AND
RESPONSES TO PALANTIR'S THIRD SET
OF REQUESTS FOR PRODUCTION

not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, i2 will produce documents sufficient to show the sales of any of the products at issue to Memex.

**REQUEST FOR PRODUCTION NO. 88:**

DOCUMENTS sufficient to show the terms and conditions, including licensing terms and price, under which i2 sold any of Analysts' Notebook, Analysts' Notebook SDK, iBase, iBase SSE Designer, and i2 STL to Memex.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 88:**

No specific objection.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS from YOUR SalesForce database that reflect or memorialize the reasons that i2 has lost business with respect to any of Analysts' Notebook, Analysts' Notebook SDK, iBase, iBase SSE Designer, and i2 STL to Memex.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 89:**

No specific objection.

Dated:  December 17, 2010

By:  _____

Christopher J. Sundermeier (166126)
Attorneys for i2 INC. and i2 LIMITED

COOLEY LLP
ROBERT R. VIETH (24304)
(rvieth@cooley.com)
MARYBETH SHREINER (75592)
(mshreiner@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:     (703) 456-8000
Facsimile:      (703) 456-8100

COOLEY LLP
CHRISTOPHER J. SUNDERMEIER (166126)
(sundermeierc@cooley.com)
MARK F. LAMBERT (197410)
(mlambert@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

902016 v1/HN

8.

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2010, I caused a copy of the foregoing Objections to Palantir Technologies, Inc.'s Third Set of Document Requests to be served by overnight delivery. I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by FedEx for overnight delivery addressed as follows:

Elliot R. Peters
Eugene Paige
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111

Don Bradford Hardin, Jr., Esq.
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000
bradford.hardin@wilmerhale.com

Anand Vijay Ramana, Esq.
MCGUIREWOODS LLP
1750 Tysons Blvd.
Suite 1800
McLean, VA 22102
(703) 712-5000
aramana@mcguirewoods.com

_____
Jennifer Brown (267836)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: jbrown@cooley.com

PLAINTIFFS' OBJECTIONS AND
RESPONSES TO PALANTIR'S THIRD SET
OF REQUESTS FOR PRODUCTION