# EXHIBIT 35

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| i2 INC., a Delaware corporation, i2 LIMITED, a British limited company registered in England and Wales,<br><br>           Plaintiffs,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC., a Delaware Corporation, SHYAM SANKAR, an individual, DR. ASHER SINENSKY, an individual, SRS ENTERPRISES, LLC, a Florida limited liability company and NOCHUR SANKAR, an individual,<br><br>           Defendants. | CIVIL ACTION NO. 1:10CV885 – LO/JFA |

## SECOND SET OF DOCUMENT REQUESTS TO PALANTIR TECHNOLOGIES, INC.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff i2 Inc. ("i2") hereby requests that defendant Palantir Technologies, Inc. ("Palantir") produce all documents and tangible things described below for inspection and/or copying by i2 in accordance with the Definitions and Instructions set forth below no later than thirty (30) days after service of this Second Set of Document Requests and Request for Entry to Palantir Technologies, Inc.

### DEFINITIONS

1. "Communication" is used in its broadest sense, and means any transmission of information from one person or entity to another, by any means, including but not limited to by personal meeting, telephone, facsimile, electronic mail, and teleconference.

2. As used herein, the term "relating to" means mentioning, describing, concerning, referring to, pertaining to, being connected with, reflecting, evidencing, or constituting a stated subject matter.

OM-195203-1

3. "Palantir" means defendant Palantir Technologies, Inc., and its officers, directors, employees, parent corporations, divisions, subsidiaries, predecessors or successors-in-interest, any joint venture to which it may be a party, consultants, independent contractors, agents, experts, and accountants, including any person who served in any such capacity at any time.

4. "i2's software" or "i2 software" means i2's intelligence and investigation analysis software and all updates thereto available between January 2006 and the date of production, including the Analyst's Notebook (versions 6 and more recent), the Analyst's Notebook Software Development Kit, iBase SSE application, and iBase SSE Designer software.

5. "i2" means plaintiffs i2 Inc. and i2 Limited, and their officers, directors, employees, parent corporations, divisions, subsidiaries, predecessors or successors-in-interest, any joint venture to which it may be a party, consultants, independent contractors, agents and accountants, including any person who served in any such capacity at any time.

6. "Document" or "documents" means all items within the scope of Rule 34 of the Federal Rules of Civil Procedure and § 1001 of the Federal Rules of Evidence. This definition includes, without limitation, Electronically Stored Information and original, non-identical copies and drafts of any written, printed, handwritten, recorded digital, or graphic matter of any kind, however produced or reproduced, including but not limited to, any work-paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail or instant message, text message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information, databases, spreadsheets, code, programs and applications stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or

representation of any kind (including tape, cassette, disc, magnetic card or recording, computers, servers under your control, personal digital assistant, blackberry, cell phones, zip drives, and floppy discs). "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

7. "Electronically Stored Information" includes any information created, stored, or best utilized with computer technology of any type. It includes but is not limited to data; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; e-mail, text messages and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases and/or voicemail systems; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines; electronic data placed on the Internet, including chat room and message board messages and any other Web-based content; and data residing in databases.

8. "SRS Enterprises, LLC" means defendant SRS Enterprises, LLC and any other names used by the entity, including but not limited to SAS Enterprises, Inc. and SAE Enterprises, Inc., and its managers, officers, employees, parent corporations, divisions, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which it may be a party, consultants, independent contractors, agents and accountants, including any person who served in any such capacity at any time.

9. "Defendants" means any of the entities and individuals named as defendants in this lawsuit: Palantir Technologies, Inc., Shyam Sankar, Dr. Asher Sinensky, SRS Enterprises, LLC, and Nochur Sankar.

10. "Equipment" means any computing device or accessory owned, leased, or used by Palantir for storing, copying, accessing, or manipulating electronic files, code, or data, including but not limited to hard drives, floppy disks, compact discs, digital versatile discs, external drives, online data storage sites, and USB drives.

11. "Palantir's software" refers to Palantir's software already available for sale on April 12, 2006, or software in any stages of research or development between April 12, 2006 and the date of document production.

12. When appropriate, the use of the singular includes the plural, the masculine includes the feminine, "and" includes "or," "any" includes "every," and vice versa.

### INSTRUCTIONS

1. The original and each non-identical copy of each document or other tangible thing demanded that is in your possession, custody or control, or that of any of your agents, attorneys, accountants, employees, or representatives, is to be produced. If the original or original carbon copy is not in your possession, custody or control, or that of your agents, attorneys, accountants, employees, or representatives, a full, clear, legible copy is to be produced.

2. Each Request shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so. Your response hereto is to be signed and verified by the person making it, and the objections signed by the attorney making them.

3. A representation of inability to comply with a particular demand shall affirm that a diligent search and a reasonable inquiry have been made. The statement shall also specify whether the inability to comply is because the item has never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or no longer is, in your possession, custody, or control. If the item is not in your possession, custody or control, the statement shall specify the name and address of any natural person or organization believed to have such possession, custody or control.

4. If any responsive document no longer exists, cannot be located, or is not in your possession, custody or control, identify it, describe its subject matter, describe its disposition, and identify all persons with knowledge of the disposition.

5. If a request is silent as to the time period for which production of documents and things is sought, you are to produce all documents originated in whole or in part and of all things within your possession, custody, or control at any time during the period January 1, 2006 through the date of your production.

6. Pursuant to Federal Rule of Civil Procedure 34(b), each document and/or thing produced in response hereto is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers or things may be organized or separated.

7. If you or your counsel assert that any document or thing required to be produced is privileged or otherwise protected from discovery, please set forth in your written response with respect to each document or thing for which a claim of privilege is made:

    (a) The place, approximate date, and manner of recording, creating or otherwise preparing the document or thing;

  (b) The name and organizational position, if any, of each sender of the document or thing;

  (c) The name and organizational position, if any, of each recipient and/or custodian of the document or thing;

  (d) The name and organizational position, if any, of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document or thing;

  (e) The name and organizational position, if any, of each person to whom the contents of the document or thing or any portion thereof have been communicated by copy, exhibition, reading or summarization;

  (f) A statement of the basis on which privilege is claimed with respect to each document or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

  (g) The number of the demand to which the document or thing is responsive; and

  (h) The identity and organizational position, if any, of each person supplying the author of your response with the information requested in subsections (a) through (g) above.

  8. To the extent provided by Federal Rule of Civil Procedure 26(e), the Requests propounded herein shall be deemed continuous up to and following the trial of this proceeding such that any document or thing requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial production, but prior to the final conclusion of this case should be produced in a supplemental production immediately upon its discovery or receipt by you or your counsel.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Executable copies of Palantir's iBaseCrawl software and any Palantir software that imports data from i2 Software or that imports data from .anb chart files.

2. Copies of all manuals, product specifications, training materials, customer educational materials, promotional materials and marketing materials for Palantir products, including, but not limited to, Palantir Government and iBaseCrawl.

3. All documents and communications referring or relating to Palantir's efforts to compete with i2, including, but not limited to, intelligence-gathering, plans, tactics, or strategy documents.

4. Organization charts for Palantir from January 2006 to the present sufficient to show the management heads and department and reporting structures.

5. All documents and communications referring or relating to Palantir's efforts to develop updates, new features or product enhancements to any Palantir products or to develop new products from January 2006 to the present that copy, emulate or derive from existing features or functionality of i2 products.

6. Copies of all contracts and/or license agreements entered into between Palantir and any customer for the Palantir Government applications, both before and after Palantir developed the features that enable its Government application to import data from i2 products.

7. Documents sufficient to show gross revenue from the sale of Palantir products, including iBase Crawl and the Palantir Government applications, from January 2006 to the present.

8. All documents and communications referring or relating to the CORE Lab at the Naval Postgraduate School.

9. All communications with or concerning Dr. Nancy Roberts of the Naval Postgraduate School.

10. All communications or concerning with any employee of the Naval Postgraduate School concerning i2.

11. All documents and communications referring or relating to Palantir's acquisition of and use of i2 Dongle No. 68122.

12. All Palantir policies referring or relating to document preservation or document retention.

13. All documents received from and all communications with the Utah Fusion Center, and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with the Utah Fusion Center, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts and invoices.

14. All documents received from and all communications with the Customs and Border Patrol, Kingstowne, Virginia, and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with the Customs and Border Patrol, Kingstowne, Virginia, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts and invoices.

15. All documents received from and all communications with the Franklin County District Attorney, and all documents and communications internal to Palantir relating to any attempts by Palantir to do business with the Franklin County District Attorney, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts, and invoice,.

16. All documents received from and all communications with the Customs and Border Protection Headquarters, and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with the Customs and Border Protection Headquarters, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts, invoices, and all related information.

17. All documents received from and all communications with the Federal Bureau of Investigation, and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with Federal Bureau of Investigation, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts and invoices.

18. All documents received from and all communications with the Australian Department of Defence, and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with the Australian Department of Defence, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts and invoices.

19. All documents received from and all communications with the U.S. Army Joint Improvised Explosive Device Defeat Organization, and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with the U.S. Army Joint Improvised Explosive Device Defeat Organization, including, but not limited to, any requests for proposal, project specifications, bid documents, contracts and invoices.

20. All documents received from and all communications with the Customs and Border Protection and all documents and communications internal to Palantir, relating to any attempts by Palantir to do business with the Customs and Border Protection, including, but not

limited to, any requests for proposal, project specifications, bid documents, contracts and invoices.

21.    All documents referring to, relating to or comprising communications with any customers or potential customers relating to interoperability between i2 and Palantir products.

22.    All documents referring to or relating to any demand or perceived demand for interoperability between any i2 Software and Palantir products.

23.    All marketing or promotional material relating to i2 Software authored by Asher Sinensky (to be provided in electronic format that includes any embedded text).

24.    All documents reflecting the acquisition of or licensing of any third party software that is included as part of any Palantir software.

25.    All documents referring to or relating to your policies and procedures for protecting Palantir intellectual property.

26.    If you contend that you reverse engineered any i2 Software identified in the Complaint, produce all documents that evidence or relate to all activities constituting such alleged reverse engineering and the results of such activities.

Dated:   October 6 , 2010            COOLEY LLP

                                     By: _____
                                     Robert R. Vieth, VSB 24304
                                     MaryBeth W. Shreiner, VSB 75592
                                     COOLEY LLP
                                     One Freedom Square | Reston Town Center
                                     11951 Freedom Drive
                                     Reston, VA  20190-5656
                                     Telephone:  (703) 456-8000
                                     Facsimile:   (703) 456-8100
                                     Email:  rvieth@cooley.com
                                     Email: mshreiner@cooley.com

And

Christopher J. Sundermeier
Mark F. Lambert
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400
Email:  sundermeierc@cooley.com
Email: mlambert@cooley.com
Email:  nmarathe@cooley.com

**Attorneys for Plaintiffs
i2 Inc. and i2 Limited**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2010, I caused a copy of the foregoing Second Set of Document Requests to Palantir Technologies, Inc. to be served by hand delivery upon:

>Elliot R. Peters
>Eugene Paige
>Keker & Van Nest LLP
>710 Sansome Street
>San Francisco, CA  94111

_____
Christopher J. Sundermeier

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2010, I caused a copy of the foregoing Second Set Document Requests to Palantir Technologies, Inc. to be served by U.S. Mail. I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelopes with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California. addressed as follows:

> Don Bradford Hardin, Jr., Esq.
> WILMER CUTLER PICKERING HALE & DORR LLP
> 1875 Pennsylvania Ave., NW
> Washington, DC 20006
> (202) 663-6000
> bradford.hardin@wilmerhale.com
>
> Anand Vijay Ramana, Esq.
> MCGUIREWOODS LLP
> 1750 Tysons Blvd.
> Suite 1800
> McLean, VA 22102
> (703) 712-5000
> aramana@mcguirewoods.com

_____
Christopher Sundermeier

885975 v1/HN