UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

i2 INC., et al.,
Plaintiffs,

-vs-

PALANTIR TECHNOLOGIES, INC., et al.,
Defendants.

Case No. 1:10-cv-885

HEARING ON MOTIONS

December 30, 2010

Before: Mag. Judge John F. Anderson

APPEARANCES:

MaryBeth W. Shreiner, Counsel for the Plaintiffs

D. Bradford Hardin, Jr., Counsel for the Defendants

NOTE: The case is called to be heard at 10:02 a.m. as follows:

THE CLERK: i2 Incorporated, et al. versus Palantir Technologies, Incorporated, et al., civil action 10-885-cv.

MR. HARDIN: Good morning, Your Honor. Bradford Hardin on behalf of Palantir Technologies, Shyam Sankar and Asher Sinensky.

MS. SHREINER: Good morning, Your Honor. MaryBeth Shreiner on behalf of plaintiffs i2 Inc. and i2 Limited.

THE COURT: Okay. First, is there anybody here in the courtroom here to oppose or to present any additional argument on any of the three of the motions to seal in this matter?

MR. HARDIN: Your Honor, we have a few things to say about the motions to seal.

THE COURT: All right. Well, all three of them, or only i2's motion to seal? I mean, two of them are--

MR. HARDIN: Were made by, were made by us, that's correct.

THE COURT: Okay. So, let me go ahead and deal with the two that the defendants filed and then I will deal with the one-- Do you have anything that you want to add as to the ones that you filed?

MR. HARDIN: Not in general, Your Honor.

THE COURT: Okay. Well, go ahead and say what you

need to say and then I will deal with them.

MR. HARDIN: So, we think that the instant motions to seal are indicative of a problem that Your Honor early in the case identified, and that is that the documents that have been tagged as confidential, or in some cases LCEO by the parties, are sometimes not the sort of documents that meet the Fourth Circuit's sealing requirements. And we hope to resolve those issues with the Court in an upcoming motion to modify the terms of their protective order in order to alleviate the burden on the Court of having to adjudicate a motion to seal in connection with virtually every piece of evidence that is submitted in connection with motions in this case.

THE COURT: Well, it's not every piece of evidence, so I don't want to overstate it. And I recognize your concerns and I have your concerns, but I have got to say the parties in this case have been very good about at least filing public versions of the pleadings with only small redactions made and filing only the things that, you know, the exhibits that relate, that have been deemed confidential.

But as to your two motions, that is the motion to seal, which is docket number 136, the opposition to i2's motion for a protective order where you're asking to have certain exhibits from the declaration of Mr. Berkowitz filed under seal-- I mean, is that something that you really--

MR. HARDIN: Your Honor, at this time we don't have

objection to the sealing of any document moved to be filed under seal in either of those motions.

THE COURT: Okay. Well, and I will just tell the parties, I am going to go ahead and grant the motion to seal docket number 136.

I will say that that one, Mr. Hardin, you know, I think if there was the different standard, that is the standard that would deal with a dispositive motion --

MR. HARDIN: The First Amendment--

THE COURT: -- these materials may not have been allowed to be filed under seal. But I think under the standard for a nondispositive motion, that I will allow that motion to seal to be granted.

And on defendants' motion to seal which is docket number 139, which are Exhibits A and B, which are the audited financial statements, I do find that those are appropriate materials to be filed under seal. I think given the nature of that information, that that is appropriate.

Now, let's deal with the motion to seal which is docket number 147. I've read the motion, I've read your response to that. Let me just, let me hear from Ms. Shreiner on this one.

In reviewing the two versions, the redacted version and the version that was filed under seal, am I correct that the only information that is not in the public record is I

guess the information on page 5, the two small sections there?

I guess I am talking about the reply in support of the protective order first.

MS. SHREINER: Yes, Your Honor, that is correct. We only redacted the portions that were dealing with the competitive intelligence gathering done by i2, which--

THE COURT: Why would any of that information, if that's a claim that they are making against your client in this case, why would that information even under the standard for a discovery motion be protectable information or information that should be filed under seal?

MS. SHREINER: Our position is that the competitive intelligence gathering method of parties is not something that is disclosed to the public. The particular methods that i2 uses to gain intelligence on its competitors are kept within the company and even within the company only within certain people in the company.

And so, we don't think that company's methods are typically known to the public. And so, that's why we believe that that should be given a confidential designation even if not litigating counsel's eyes only.

THE COURT: Am I incorrect in that those matters weren't discussed in open court at least in general at one of the last hearings that we had?

MS. SHREINER: I believe the discussion was kept to

a fairly low level of whether it was the same sorts of activities that the parties were engaging in.

My recollection is that it did not go beyond general statements of competitive intelligence gathering.

THE COURT: Well, you know, this is-- I'll tell you, that is clearly the kind of information that is not going to be contained under seal in this case. I mean, if one side is making an allegation that you have done certain things and attended certain gatherings, I will just leave it at that, you know, that's an issue that needs to be litigated in the case and it will be litigated openly and publicly in this case.

So, I am going to deny the motion to seal the reply in support of i2's motion for a protective order.

On the reply in support of the motion to compel, I have reviewed that, and I think under the standards that relate to-- I guess your motion related to two different documents. I think the reply in support of i2's motions for protective order, you will need to file an unredacted version of that publicly.

I do find that at least on the standard for, that we're dealing with here today, that the reply in support of i2's motion to compel can be filed under seal as well.

So, I will grant the motion to seal that document, but will deny the others. We will enter orders then later today. Okay.

MS. SHREINER: Thank you, Your Honor.

THE COURT: Anything else in this matter today?

MR. HARDIN: No, sir.

THE COURT: Okay, thank you. You all have a happy New Year.

MR. HARDIN: Thank you, Your Honor.

MS. SHREINER: Happy New Year.

NOTE: The hearing concluded at 10:10 a.m.

------------------------------------------------

C E R T I F I C A T E of T R A N S C R I P T I O N

I hereby certify that the foregoing is a true and accurate transcript that was typed by me from the recording provided by the court. Any errors or omissions are due to the inability of the undersigned to hear or understand said recording.

Further, that I am neither counsel for, related to, nor employed by any of the parties to the above-styled action, and that I am not financially or otherwise interested in the outcome of the above-styled action.

/s/ Norman B. Linnell

Norman B. Linnell

Court Reporter - USDC/EDVA